SOUTH BOUND R. R. v. BURTON.

INJUNCTION—CONDEMNATION—APPEAL.—When a railroad company
    denies the right to compensation to a claimant for damages for a
    right of way, it is proper at the suit of the railroad to enjoin the
    claimant's statutory condemnation proceeding until the right of the
    claimant to condemnation can be determined, and refusal to grant
    such injunction is appealable.

Before GAGE, J., Richland, April, 1901. Reversed.

Thirty actions by the South Bound Railroad Company
against the following defendants respectively: (1) Eliza
Burton *et al.,* (2) Dora Casson *et al.,* (3) Alice C. Casson,
(4) Charles Logan, (5) Charles H. Manson, (6) J. H. Van
Metre, (7) R. C. Myers *et al.,* (8) Mrs. E. L. Ehrlich, (9)
Jno. R. Nowell, (10) The Capital City Building and Loan
Association, (11) Martha Holmes, (12) Robert Nelson,
(13) Aaron Grear, (14) Jno. T. Sloan and Jno. T. Seibels,
(15) Mary Jones Johnson, (16) Jacob J. Durham, (17)
J. Quitman Marshall, (18) Mary J. Clark, (19) H. A.
Harth, (20) Sam'l L. Sweeney, (21) Mary Smith, (22)
Humphrey Jones, (23) Mary E. Higbee, (24) Jno. N. Fin-
ley, (25) Emma L. Pierce, (26) Maria L. Taylor, (27)
Carrie Paul, (28) Jno. W. Wood, (29) Katie M. Jones,
(30) Margaret Day, on complaints of which the following
in the action against Martha Holmes is substantially a copy:

"The plaintiff, complaining of the above named defendant,
alleges:

"1. That the plaintiff is, and was at the times hereinafter
named, a corporation duly created by, and organized under,
the laws of the State of South Carolina.

"2. That by an act of the legislature of the State of South
Carolina, approved the 9th day of February, 1882, found
in 17 Stat., at page 949, plaintiff corporation was author-
ized to build a railroad from a point within or near the city
of Columbia, in the State of South Carolina, to the city of

Savannah, in the State of Georgia, and was, by an act of the legislature, approved the 24th day of December, 1890, found in 20 Statutes, at page 763, authorized to build a line of railroad from a point within or near the city of Columbia to the North Carolina line, in the direction of Monroe, in the State of North Carolina.

"3. That by an act of the General Assembly of the State of South Carolina, entitled 'An act to appoint commissioners to purchase land for the purpose of building a town and for removing the seat of government thereto,' approved the 22d day of March, 1786, found in 4 Statutes, at page 751, it was enacted: 'That the commissioners hereinafter directed to be appointed, shall be, and they are hereby, authorized and required to lay off a tract of land two miles square, near Friday's Ferry, on the Congaree River, including the plain of the hill where Thomas and James Taylor, Esquires, reside, into lots of one-half acre each; and the streets shall be of such dimensions, not less than sixty feet wide, as they shall think convenient and necessary, with two principal streets running through the centre of the town at right angles, of one hundred and fifty feet wide; which land shall be, and the same is hereby declared to be, vested in the said commissioners, and their lawful successors, for the use of this State.'

"4. That under the provisions of said act the said body of land was purchased from the owners thereof, by the commissioners appointed thereunder, and it became vested in the State of South Carolina in fee simple; and it was enacted that the territory so laid off into streets and lots should be called and known by the name of Columbia; and power was conferred upon the commissioners therein named, and, by subsequent acts, upon the successors of said commissioners, to sell certain of the lots so laid off, as provided in said act.

"5. That the State of South Carolina still retains the interest in fee simple in the streets of said town so laid off as aforesaid.

"6. That by subsequent acts of the General Assembly of

the State of South Carolina, the mayor and aldermen of the town of Columbia, subsequently of the city of Columbia, were vested with authority, from time to time, under their common seal, to make all such ordinances, rules and regulations relative to the streets and markets of said town as they might think proper and necessary.

"7. That amongst other streets so laid off by the commissioners aforesaid, was Lincoln street, which was laid off 100 feet wide, running north and south from Elmwood avenue, the northern boundary of the city of Columbia, to Lower street, the southern boundary thereof, which crossed, at a point near Taylor street, in said city, a body of land which subsequently became known as Sidney Park, belonging to the city of Columbia, and, up to a recent date, used by it for the purposes of the water works of the city.

"8. That this plaintiff corporation, after building the line of its railroad from the city of Savannah, in the State of Georgia, to Cayce, a point in the county of Lexington, in the State of South Carolina, on the west side of the Congaree River, and nearly opposite to the city of Columbia, being desirous of extending its line from said point to and through the city of Columbia and on towards a point on the North Carolina line in the direction of Monroe, in said State, and being authorized by its act of incorporation and acts amendatory thereof, so to do, made application to the mayor and aldermen of the city of Columbia for permission to build the line of its road through and along said Lincoln street, from the southern boundary of the city to Sidney Park and to the point where Blanding street would have intersected with said Lincoln street if projected through Sidney Park; whereupon, the said mayor and aldermen of the city of Columbia, in council assembled, did, by an ordinance duly ratified the 26th day of September, 1899, grant a right of way to this plaintiff 'along the line of Lincoln street, from the southern boundary of the city to Sidney Park to the point where Blanding street would intersect with Lincoln street if projected through Sidney Park; thence west along

the line of Blanding street to a point at or near its intersection with Wayne street; thence north along or near the line of Wayne street to the northern limits of the city of Columbia;' and was authorized to lay down and construct its line of railway along said right of way, and also with the privilege of crossing Elmwood avenue and other streets along said line at street grade or twenty feet below grade, upon certain terms and conditions.

"9. That by section 2 of said ordinance, it was further provided: 'Whenever the track of said company shall cross or pass along a street of said city in a cut, the width of such cut shall not be more than twenty-five feet across the top, and maintained by the said company at such width, and all cuts where not directed to be bridged shall be fenced on both sides along the entire length, with a substantial fence not less than four and one-half feet high, and the outer faces of said fence not to be more than twenty-six feet apart, subject to the approval of the committee on streets.' And it was further provided in sections 3, 4, 5, 6 and 7: 'Sec. 3. Whenever the track of said railroad company crosses a street in a cut, said cut shall be covered by a substantial bridge, as aforesaid, the planking of which shall not be less than three inches thick, erected and maintained by said company at its own expense, the entire width of the street, inclusive of the pavements. A bridge twenty-five feet wide shall be provided and maintained by said railroad company across the cut opposite the county jail, and suitable bridges shall be erected and maintained by said company at such other points as may be decided by council or its committee. The sides of all bridges to be protected with a close railing four and one-half feet high. Sec. 4. Whenever said track crosses a street in a cut, where existing drains, sewers, culverts or other waterways are disturbed, suitable waterways across said cuts must be provided, built and maintained at the expense of the company. Sec. 5. City water pipes across said cut are to be supported by bridges and the pipes boxed up under the direction of the committee on water works at the expense of

said company for building and maintenance. Whenever it becomes necessary in the judgment of council or its committee on water works to extend, remove or change the location of any water pipes by reason of the construction of said railroad track, said extension, removal or change of location shall be under supervision of the committee on water works and at the expense of said company. Sec. 6. Where trestles are used by said company on Lincoln or other streets on their line, no bench shall be placed over any water gate or valve; and shall be so placed as to allow free access to said valve and gates by the employees of said city. And no benches in intersecting streets shall be nearer together than forty feet: *Provided,* That when directed by city council, the railroad company shall construct iron bridges across the full width of the street. If trestling is allowed on Lincoln street where it is crossed by the waterway between Pendleton and College streets, roadways on both sides of said trestle shall be provided, erected and maintained at the expense of said company. No mudsills of a greater length than twenty-five feet shall be used under any trestle unless placed below the surface of the ground, nor shall the outside or foot of any buffer post extend further than twelve and one-half feet from the centre line of said trestle. Sec. 7. Whenever said railroad track crosses any street at grade, said company must adhere strictly to existing grades; or if the grade of any street be permitted to be changed, said company must at its own expense cause the approaches to the track on either side and between the rails, to be graded and paved to correspond with said grades; said grades not to exceed one foot vertical to thirty feet horizontal, as directed by council or its committee on streets.'

"10. That, in pursuance to said privilege so granted, this plaintiff proceeded to construct the line of its road over and along said Lincoln street, from the southern boundary of the city of Columbia to said Sidney Park, laying its track along said street as nearly as possible at grade and proceeding in all respects to comply with the provisions of

said ordinance as to the width and depth of its cuts and as to the protection thereof by substantial fences; but that, owing to the necessity of having to build retaining walls of great height and thickness in the cut along certain portions of said street, has not yet completed said work, but intends to complete the same as rapidly as it can be done, in good faith and in full compliance with the terms of said ordinance.

"11. That the defendant, who claims to be the owner of a lot of land abutting on said Lincoln street fifty-two feet, situate on the east side thereof, between Plain and Washington streets, and bounded on the north by lot of Robert Nelson, east by lot now or late of Wilder, south by lot of Alice Pye, and west by Lincoln street, has filed in the office of the clerk of the Court of Common Pleas for Richland County, State aforesaid, a petition setting out that the said defendant is entitled to an easement of access over and across the said Lincoln street to said lot, and that this plaintiff had taken and impaired the same; whereupon, an order was made by Hon. George W. Gage, presiding Circuit Judge of the Fifth Judicial Circuit of the State of South Carolina, directing the clerk of the Court of Common Pleas for said county and State to empanel a jury to ascertain the compensation to be paid by this plaintiff for 'the taking, alteration and impairment by it of the easement and property of the said defendant above described,' in the constructing of plaintiff's railway in said Lincoln street, and plaintiff has been notified that the said defendant and the said clerk of the Court of Common Pleas for Richland County are about to proceed to empanel a jury for the assessment of the alleged damages to the defendant's alleged property.

"12. That this plaintiff denies knowledge or information sufficient to form a belief as to the ownership by the defendant of the lot of land above described, but does deny that said defendant has any easement or property in the said Lincoln street other than her right of access to said lot if she is the owner thereof; and this plaintiff further alleges

23—63

that it has not, in any manner, taken or impaired the ease-ment of access to said lot.

"13. That its line of railway along said Lincoln street, at a point opposite to the said lot claimed by the said defend-ant, is laid about thirty feet below grade, and there is conve-nient and ample way of access to the said lot over and along the said Lincoln street for twenty-five feet in width north to Plain street and south to Washington street.

"14. That this plaintiff has not taken any property of the defendant, either by or against her consent, and the said defendant has no right to proceed under the statutes of the State of South Carolina for the assessment of the value of any such easement or property, or for any damages done by the plaintiff in the construction of its line of railroad over and along said Lincoln street.

"Wherefore, the plaintiff demands judgment:

"1. That the defendant be enjoined and restrained from further prosecuting proceedings for the assessment of the value of said property, or of the damages alleged to have been done thereto by the construction of plaintiff's line aforesaid.

"2. For such other and further relief as to the Court may seem just, and for the costs of this action."

The several defendants thereafter filed their return to a rule to show cause, all being in the following form, to wit: except that the said John R. Nowell, Mary Jones Johnson and others and Katie M. Jones set up their respective owner-ship in fee simple of lots abutting on Gadsden street, and their respective easement of access over and along said street· instead of Lincoln street.

"By way of return to the rule to show cause heretofore made herein, the defendant above named respectfully shows:

"I. As to the allegations of paragraph 5 of the complaint herein, this defendant denies the same.

"II. As to paragraph 10 of the complaint herein, this de-fendant says that she has no knowledge or information suffi-

cient to form a belief as to the truth of the allegations therein contained, and therefore denies the same.

"III. As to paragraph 7 of the complaint herein, this defendant admits so much thereof as relates to the laying off of Lincoln street and the crossing of Sidney Park by the same; but denies that said Lincoln street is now of the uniform width of 100 feet, and alleges that subsequent to its being laid off as aforesaid, the width of said street has been altered and lessened, and it is not now and has not been for many years past more than eighty or eighty-five feet wide along a great part of its length, and is now only about ninety-four feet wide along and in front of this defendant's lot referred to in the complaint herein. This defendant further denies that said Sidney Park was heretofore used by the city of Columbia only for the purposes of the water works of said city.

"IV. As to the allegations of paragraph 12 of the complaint herein, this defendant denies the same, and upon information and belief alleges that the tract of land embracing the streets and lots within the original limits of the city of Columbia having passed to and become vested in the commissioners of the town of Columbia, in fee for the use of the State of South Carolina, thereafter said tract of land was subdivided into streets and lots, which said lots were sold and conveyed from time to time by said commissioners, or their lawful successors, subject and with reference to said subdivision and as abutting and bounding upon said streets; that this defendant owns the fee simple title to the lots referred to in said paragraph, having derived said title through, under and by virtue of certain deeds of conveyance to her and to her privies in estate, running back, as shown by the records for said Richland County, to the time of the war, and prior thereto, as she has been informed and believes, to a conveyance from the commissioner or commissioners of the town of Columbia; and that through, under and by virtue of said deeds of conveyance, this defendant owns property, namely, an interest in real estate, in and to

said Lincoln street, which the plaintiff herein has taken without this defendant's consent, and for which said plaintiff has refused and still refuses to make compensation, notwithstanding she duly gave notice of her claim thereto.

"V. As to the allegations of paragraph 13 of the complaint herein, this defendant denies the same.

"VI. As to the allegations of paragraph 14 of the complaint herein, this defendant denies the same, and alleges

"1. That this defendant owns the fee of said Lincoln street in front of her said lot up to the middle of said street, subject only to the public easement therein to use the same as a public highway; that the plaintiff herein, by the construction and operation of its railway over and along said street, has imposed thereupon an additional burden and has taken and appropriated this defendant's interests and property in and to the fee of said street.

"2. That entirely independent of the ownership of the fee in said Lincoln street, this defendant, as proprietor of said lot abutting upon said Lincoln street, owns and is entitled to certain rights and easements therein, as appurtenant to said lot, namely, certain rights of ingress and egress over and along said street to and from said lot, of access and passage over and across said street, of free entrance and circulation of light and air from and over said street, the right to make reasonable use of said street in connection with said lot for purposes of building, repairing and improving, the right that said street shall not be subjected to any unreasonable use so as to cause injury to said defendant's abutting premises, and the right that said street shall be kept open and unobstructed in its entire width as a public highway; that by the construction and operation of the said plaintiff's railway over and along said Lincoln street, more than one-fourth of the bed of said street has been taken and appropriated to the exclusive use of said plaintiff, and wholly diverted from its use as a public highway, this defendant's right of ingress and egress to and from her said lot has been taken and materially impaired, her right of access and pas-

sage over and across said street has been taken and de-
stroyed, the free entrance and circulation of light and air
over and across said street has been obstructed, this defend-
ant's right to make reasonable and necessary use of said
street in connection with her said premises has been
abridged, said street has been permanently obstructed in
front of said defendant's lot and subjected to an unreason-
able use wholly inconsistent with the purpose of its dedica-
tion as a public highway, and this defendant's premises and
buildings have been and continue to be shaken, damaged and
injured by the frequent passage of heavy trains, and have
been and continue to be invaded, polluted and injuriously
affected by noxious gases and smoke, by the deposit thereon
of cinders, soot and ashes, and are subjected to increased
risks from fire by sparks being cast thereon; all of which
to this defendant's great loss and damage.

"VII. This defendant, making further return to said rule
to show cause, denies that the plaintiff is entitled to the relief
demanded in the complaint herein, or to any judgment what-
soever against this defendant."

From order refusing to enjoin the condemnation statutory
proceedings, the plaintiff appeals.

*Messrs. Wm. H. Lyles* and *D.W.Robinson, for appellant,*
cite: *Condemnation by statute applies only where right to
compensation is conceded or has been determined:* 38 S. C.,
313, 34; 59 S. C., 376. *Error to dissolve a temporary in-
junction on motion in action solely for injunction, if facts
stated in complaint entitle plaintiff to injunction:* 51 S. C.,
436; 54 S. C., 473. *As to plaintiff's right to use the streets:*
4 Stat., 751; 5 Stat., 505; 14 Stat., 569; 6 Stat., 53, 189, 214,
599; 12 Stat., 116; Rev. Stat., 1800; 22 Stat., 367. *As to
the fee of the streets:* 2 Dev. on Deeds, sec. 848; 4 Ency.,
801, 813, 814; 22 How., 130; 34 Barb., 515; 4 L. R. A.,
623; 5 Rich., 595. *Right of abutting property owners to
compensation:* 99 U. S., 635; 53 S. C., 580; 5 Rich., 599;

4 McC., 541; 53 S. C., 89; 48 S. C., 562; Sed. on Dam. (8 ed.), 1182; 10 N. J. Eq., 358; 47 L. R. A., 759; 50 L. R. A., 813; 48 L. R. A., 710; 4 L. R. A., 626; 125 U. S., 161; 136 U. S., 21; 132 U. S., 75; 18 Pa., 187; 54 S. C., 202; 21 Ill., 516; 29 Ill., 279; 35 Cal., 331; 6 Whart., 456; 121 N. Y., 505; 50 N. Y., 206; 6 Barb., 508; 91 N. Y., 149; 39 N. Y., 404; 90 N. Y., 122; 106 N. Y., 157; 59 S. C., 362; 17 Stat., 949; 33 S. C., 482; 5 Rich., 596; 36 S. C., 135; 96 U. S., 315; 24 Ia., 480; 38 S. C., 37; 28 S. C., 399; 21 S. C., 431; 17 Ency., 299; 33 S. C., 477; 147 U. S., 253; 18 L. R. A., 341; 25 L. R. A., 655; 34 Md., 463; 43 L. R. A., 557; 4 L. R. A., 623; 94 U. S., 324; 25 L. R. A., 656; 59 S. C., 571; 47 L. R. A., 759; 50 L. R. A., 813; 37 S. C., 328; 45 S. C., 276; 9 L. R. A., 94.

*Messrs. Jno. T. Seibels, P. H. Nelson, Melton & Belser, B. L. Abney, Andrew Crawford, Jno. T. Sloan* and *Robert W. Shand,* contra.

*Messrs. P. H. Nelson* and *Melton & Belser* cite: *Order here is ordinarily not appealable:* 16 Ency., 2 ed., 345; High on Inj., 345; 25 S. C., 42; 27 S. C., 408; 34 S. C., 354; 48 S. C., 315; 60 S. C., 559. *The exception is where Judge commits error of law:* 36 S. C., 562; 34 S. C., 352; 27 S. C., 415. *On showing as to defendant's ownership in lots, injunction properly refused:* 59 S. C., 371; 62 S. C., 52; 38 S. C., 308; High on Inj., 34, secs. 10, 11, 5. *If defendants own lots, property has been "taken" in sense of Constitution:* Con., art. I., sec. 17; Lewis on Em. Dom., sec. 54; Elliott on Roads and Streets, sec. 722; 22 L. R. A., 628; 4 Ency., 809; 7 L. R. A., 550; 14 L. R. A., 370; 104 N. Y., 291; Lewis on Em. Dom., 171, 185, 186, 175, 179, 237, 240, 233, 195-6, 236; 1 Ency., 2 ed., 225, 228, 234; 15 N. Y. Eq. 481; 53 S. C., 89, 575; 58 S. C., 60; 48 S. C., 563; 22 L. R. A., 627; 66 Miss., 279. *Owners' rights extend to full width of street:* 7 L. R. A., 550. *Condemnation under statute is exclusive:* 33 S. C., 483; 47 S. C., 483; 17 S. C., 579.

*Mr. R. W. Shand* cites: *Courts do not usually grant inter-locutory injunctions on information and belief, or on mere denials of defendants' right:* 2 Wait. Pr., 82, 83; 10 Ency., I ed., 787, 927; 41 S. C., 519. *Plaintiff can only acquire right of way:* Con., art. IX., secs. 20, 21; art. I., sec. 17; art. VIII., sec. 4; Rev. Stat., secs. 1743-1755; 17 Stat., 951. *Any right attached to land is property and included in "lands" in statute:* 33 S. C., 483; 122 N. Y., 1; 66 Miss., 279; 2 Dill. Mun. Corp., sec. 587b; 19 N. J. Eq., 393; Lew. on Em. Dom., secs. 56, 142; 55 N. Y., 661; 14 Allen, 444; 3 Elliott on R. R., sec. 1085; Elliott on Streets, 526, 86; 19 Pac. Rep., 610; 135 U. S., 433; 136 U. S., 129; 132 U. S., 75; 18 L. R. A., 166; 22 L. R. A., 627, 668; 19 Ency., 284; 17 S. C., 579; 5 Rich., 428; 6 Rich., 47; 33 S. C., 482; 54 S. C., 199; 59 S. C., 371.

April 5, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The parties who are defendants in the thirty cases above entitled, claiming to own lots on Lincoln and Gadsden streets, in the city of Columbia, S. C., began proceedings under the condemnation statutes against the South Bound Railroad Company for compensation for the taking, alteration and impairment of their property and easement in said streets by reason of the construction of said company's railroad in said streets. Thereafter, these actions were begun by the South Bound Railway Company to enjoin the several defendants above named from further proceeding under the statute. To a rule to show cause why they should not be enjoined, the defendants made return, which after hearing was adjudged sufficient, and thereupon the Circuit Court, Judge Gage presiding, refused the injunction and dissolved the temporary restraining order previously issued. The Circuit Court took the view that there were very few disputed questions of fact involved and did not consider such disputed matter, but for the purposes of the cases assumed all the facts stated in the complaints to be true, and made his

ruling as if the matter were before him on demurrers to the complaints for not stating facts sufficient to entitle the plaintiff to the relief sought; and, citing the cases of *Ross* v. *Railway*, 33 S. C., 482, and *Wilkins* v. *Gaffney*, 54 S. C., 199, held that the land owners on the streets of Columbia have a peculiar right in the streets where the streets abut their lots; that such rights are incident and appurtenant to their land, are property for the taking of which the railroad company must make compensation to the owners of the abutting lots, and that the proper mode of obtaining that compensation is through the proceedings, which they had commenced under the statute.   For a more detailed statement of the facts reference may be had to the complaint and the return to the rule appearing in the report of this case.

Appellant's first exception to the order of the Circuit Court is in this language: "1. Because it appearing by the complaint that the plaintiff has never admitted defendant's ownership of the lot of land described in the complaint, or that defendant owned any easement of access to said lot over and across Lincoln street, and the defendant's ownership of said lot and easement of access being denied in the complaint, his Honor should have held that the defendant should be enjoined from prosecuting the proceedings complained of in the complaint until her title to the lot in question and ownership of the easement of access has been adjudged by the Court." This exception we think is well taken.   The portions of the complaint and return bearing upon this matter are as follows: Complaint: "12. That this plaintiff denies knowledge or information sufficient to form a belief as to the ownership by the defendant of the lot of land above described, but does deny that said defendant had any easement or property in the said Lincoln street other than her right of access to said lot if she is the owner thereof, and this plaintiff further alleges that it has not in any manner taken or impaired the easement of access to said lot." Return to the rule, paragraph 4: "As to the allegations of paragraph 12 of the complaint herein, this defendant denies the same, and upon information and

belief alleges that the tract of land embracing the streets and lots within the original limits of the city of Columbia having passed to and become vested in the commissioners of the town of Columbia, in fee for the use of the State of South Carolina, thereafter said tract of land was subdivided into streets and lots, which said lots were sold and conveyed from time to time by said commissioners or their lawful successors, subject and with reference to said subdivision and as abutting and bounding upon said streets; that this defendant owns the fee simple title to the lots referred to in said paragraph, having derived said title through, under and by virtue of certain deeds of conveyance to her and to her privies in estate running back, as shown by the records for said Richland County, to the time of the war, and prior thereto, as she has been informed and believes, to a conveyance from the commissioner or commissioners of the town of Columbia, and that through, under and by virtue of said deeds of conveyance, this defendant owns property, namely, an interest in real estate in and to said Lincoln street, which the plaintiff herein has taken without this defendant's consent, and for which said plaintiff has refused and still refuses to make compensation, notwithstanding she duly gave notice of her claim thereto." It appears also that the complaint in the fifth paragraph alleges that the State of South Carolina retains the fee in the streets of Columbia, which is denied in the first paragraph of the return, and in the sixth paragraph of the return the defendant claims to own not only an easement of access and of light and air in said streets, but the fee in said streets to the middle thereof. The return also denies the allegations in the thirteenth and fourteenth paragraphs thereof. The foregoing is sufficient to show that the *right* of the defendants to compensation is disputed by the railroad company. In such a case it is proper to enjoin the proceedings under the condemnation statutes, as they do not prescribe any method by which the disputed rights of the land owner or claimant to compensation can be determined. *Railway Co.* v. *Ridlehuber*, 38 S. C., 313. The order dissolving

the temporary injunction herein and refusing to continue the same is appealable, because such injunction is essential to the assertion of the legal right claimed by plaintiff.  *Strom v. Am. &c. Mort. Co.,* 42 S. C., 101 ; *Seabrook* v. *Mostowitz,* 51 S. C., 435.

· In advance of any decision thereon by the Circuit Court after hearing on the merits, we deem it premature to determine whether the fee in the streets of the city of Columbia is in the State, the city council or the abutting lot owners ; whether a steam commercial railroad as distinguished from a street railway proper at street grade, may be constructed in the streets of a city under the authority of an act of the legislature and an ordinance of the city council, without compensation to the abutting lot owners who own either the fee to the middle of the street or an easement of access and of light and air ; whether, if the abutting lot owners own merely an easement in said streets, the construction of such railroad is a "taking" of property, within the meaning of our Constitution ; whether if the construction of such railroad is not a "taking" of such easement if at street grade and its use of that part of the street is not exclusive, is such construction a "taking" of such easement in part, when the railway is below grade, or in a cut, or above grade, on a trestle or embankment which exclusively appropriates a portion of the street ; whether ample means of ingress and egress are still left the claimants on said streets, and if so whether, nevertheless, if a part of the street is exclusively appropriated by the construction and operation of the railroad, are abutting lot owners entitled to compensation for loss to their property by reason of such exclusive appropriation.  We decide only that, inasmuch as it appears that the right to compensation is disputed, it was error to refuse to continue the temporary injunction of the proceedings under the condemnation statute.

The judgment of the Circuit Court is reversed, and the case is remanded for such further proceedings as may be proper.