COLUMBIA WATER POWER CO. *v.* NUNAMAKER.

1. INJUNCTION—UNDERTAKING—CONDEMNATION—ANCILLARY ACTIONS.—
   An action in equity to determine the right to and to enjoin condemnation proceedings is an independent action and not ancillary to the condemnation proceeding, and when a Circuit Judge grants a temporary restraining order against condemnation proceedings, he has no power to dispense with the injunction bond required by sec. 243 of Code of Proc., or if the action be regarded as an application for an order of suspension, it is discretionary with Judge to require an undertaking.

2. IBID.—The principle applicable to a bill for injunction to stay proceedings in same Court does not apply to an action in Circuit Court to enjoin condemnation proceedings instituted in a special statutory tribunal.

3. IBID.—CONSTITUTION—EQUALITY OF LAWS.—Where plaintiff and not defendant seeks injunction and the Judge requires of him as a condition precedent to the force of a restraining order an injunction bond, but requires no bond of defendant, the principle of the denial of the equal protection of the laws does not apply.

4. REHEARING refused.

Before GARY, J., Lexington, June, 1905. Affirmed.

Seven actions by Columbia Water Power Company *v.* Arthur S. Nunamaker; *v.* E. F. Nunamaker; *v.* Eliza M. Nunamaker; *v.* Lizzie Bearden *et al.; v.* Susan G. Huffman; *v.* S. P. Younginer; *v.* Martha C. Nunamaker. From order requiring plaintiff to give in each case a temporary injunction bond, plaintiff appeals on the following exceptions:

"Please take notice that the plaintiff in the above entitled seven cases excepts to so much of the order of Judge Ernest Gary, of date 28th June, 1905, which provides that the continuance of the restraining orders previously granted by him on June 12th, 1905, in each of said seven cases, be conditioned upon the plaintiff in each of said cases filing a written undertaking with surety within ten days, to the effect that plaintiff will pay to the defendants such damages, not exceeding two hundred dollars, as they may sustain by reason of the injunction, if the Court should finally decide that the plaintiff was not entitled thereto, and that it will ask that the order be reviewed upon any appeal now or hereafter taken from any order or final judgment therein, upon the following grounds:

"1. Because the bringing and filing by the plaintiff of its several actions against the defendants above named, to have determined the question of the right of said defendants to condemnation, suspended the statutory proceedings for condemnation brought by the defendants until the trial and determination of the issue as to the right to condemnation and compensation; and the presiding Judge should, as requested by plaintiff, have passed an order simply directing that, as said actions had been commenced, all further steps

should be and thereby were suspended until the determination of the question of the right of defendants to condemnation.

"2. Because, upon the bringing and filing by the plaintiff of its several actions to determine the question of the right of defendants to condemnation, the presiding Judge, on 12th June, 1905, granted orders restraining the defendants from prosecuting their statutory proceedings for condemnation, and the plaintiff was entitled to a continuance of said orders without the condition that it give an undertaking to pay defendants damage in any amount, and the presiding Judge erred in his order of June 28, 1905, in making the continuance of his previous restraining orders conditioned upon the giving of an undertaking to pay damages to defendants.

"3. Because the undertaking referred to in Section 243 of the Code of Procedure does not apply to the actions brought by the plaintiff herein, with regard to and concerning the special condemnation proceedings instituted by defendants, and neither under said action nor under any other law can plaintiff be required to give an undertaking as a condition of having the question of right of defendants to condemnation determined, and the presiding Judge erred in making such requirement.

"4. Because under the laws of South Carolina there is no method of testing, as between plaintiff and defendants, the question of the right of defendants to condemnation, except by the bringing of an action by the plaintiff, and to require the plaintiff to give an undertaking to pay damages to defendants as a condition of the exercise of its right to maintain such action and to test the question, and to require no undertaking from defendants, is placing the plaintiff and defendants upon an unequal footing, and denies to the plaintiff the equal protection of the laws, and the presiding Judge erred in placing such burden upon the plaintiff.

"5. Because there were no facts showing any damages whatsoever that defendants could in any event or in any amount suffer by a continuance of the restraining orders,

and the presiding Judge, therefore, erred in requiring an undertaking from plaintiff to pay damages to the defendant in any event or in any amount."

*Messrs. Abney & Thomson* and *Thomas & Thomas,* for appellant. *Mr. Jno. P. Thomas, Jr.,* cites: *Section 243 of Code of Proc. does not apply to this case:* 38 S. C., 318; Code of Proc., 240, 239, 449; 51 S. C., 379. *This proceeding is ancillary to condemnation proceedings:* 69 U. S., 633; 63 S. C., 544. *Appellant pursued the only mode open to it to test its legal right:* 67 S. C., 93; 1 S. C., 53. *To require appellant to give injunction bond, and respondent none, denies to appellant the equal protection of the laws:* 165 U. S., 150.

*Messrs. Shand & Shand, Efird & Dreher,* and *DePass & DePass,* contra. *Messrs. Shand & Shand* cite: *Appellant has right to bring action to test right to condemn and to injunction:* Code of Proc., 241; 3 Dan. Chan. Pl. & Pr., 1838. *And he must give security for injunction:* Code of Proc., 243; 51 S. C., 379. *Order here is not appealable:* 42 S. C., 101; 51 S. C., 434; 54 S. C., 457; 62 S. C., 196; 71 S. C., 45.

The opinion in this case was filed January 30, 1905, but remittitur held up until

April 2, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. These actions were instituted for the purpose of determining the right of the defendants to compensation under condemnation proceedings, for the alleged overflowing of their lands, by reason of raising the plaintiff's dam. The condemnation proceedings were commenced on the 25th of February, 1905. On the 12th of June, 1905, the plaintiff brought these actions, and on the same day,

upon motion of its attorneys, a rule was issued requiring the defendants to show cause why they should not be enjoined from prosecuting the condemnation proceedings, and for an order in the meantime restraining them.

The defendants made return to the rule to show cause, and on the 22d of June, 1905, his Honor, the Circuit Judge, made an order that the restraining order theretofore granted should be continued until the final decree in said cases, provided the plaintiff entered into a written undertaking in the manner therein set forth.

The plaintiff appealed from this order upon exceptions which will be set out in the report of the case. The sole question is whether there was error in requiring said undertaking.

When the right to institute condemnation proceedings is contested, the proper remedy is to bring an action in the Court of Common Pleas in order that the Court may, in the exercise of its chancery powers, determine such right.

*Railway* v. *Ridlehuber,* 38 S. C., 308, 17 S. E., 24; *Cureton* v. *Railway,* 59 S. C., 371; *Glover* v. *Remley,* 62 S. C., 52, 39 S. E., 180; *Railroad* v. *Burton,* 63 S. C., 348, 41 S. E., 451; *Riley* v. *Union Station Co.,* 67 S. C., 84; *Reynolds* v. *Railway,* 69 S. C., 481, 48 S. E., 476. These cases show that such action must be regarded as independent, and not ancillary to the condemnation proceedings. If upon the final hearing of the case the Court should decide that the defendants did not have a right to institute condemnation proceedings, it would then grant a permanent injunction. But the power of the Court to render such judgment, is in no wise dependent upon the fact that a temporary injunction was or was not granted, as a right to a temporary injunction constitutes no part of the plaintiff's cause of action. When the Circuit Judge granted the order of injunction he did not have the power to dispense with the provision of section 243 of the Code, which requires a written undertaking on the part of the plaintiff. *Smith* v. *Smith,* 51 S. C., 379.

Appeal dismissed.

April 2, 1906. PER CURIAM. This is a petition for re-hearing on the grounds hereinafter mentioned.

I. It is submitted that the Court overlooked the distinction made by the appellant in the first exception, between an order of *suspension* to which it was entitled as a matter of course, and an order of injunction which, under section 243 of the Code, is only granted upon a written undertaking. The appellant contends that section 243 is inapplicable, as this is not an action for injunction, but simply to test a disputed right, and that upon the bring-ing of the action, the condemnation proceedings were *ipso facto* suspended without the affirmative order of the Court.

Section 239 of the Code provides that "an order of injunc-tion may be made: 1. Where it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the com-mission or continuance of some act, the commission or con-tinuance of which, during the litigation, would produce in-jury to the plaintiff; or II. When, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, or procuring or suffering some act to be done, in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

Section 243 of the Code provides that "when no provision is made by statute as to security upon an injunction, the Court or Judge shall require a written undertaking on the part of the plaintiff."

The case under consideration comes within the provisions of the foregoing sections, and his Honor, the Circuit Judge, did not have the power to dispense with the requirement as to an undertaking. *Hunt* v. *Smith*, 1 Rich. Eq., 277; *Smith* v. *Smith*, 51 S. C., 379, 29 S. E., 277. Furthermore, if the complaint should be regarded as an application or petition for an order of *suspension*, and conceding that the Circuit Judge had the power to grant such order without

requiring an undertaking, nevertheless it was within his discretion, which was not abused.

II. It is submitted that this Court overlooked the distinction between ancillary and independent suits. Among the authorities upon which the appellant relies is the case of *Freeman* v. *Howe*, 24 How. (U. S.), 460, to show that the action herein is ancillary to the condemnation proceedings, in which the Court says : "The principle is, that a bill filed on the equity side of the Court to restrain or regulate judgments or suits at law in the same Court, and thereby prevent injustice or an inequitable advantage under mesne or final process, is not an original suit, but ancillary and dependent, supplementary merely to the original suit, out of which it had arisen."

The appellant also quotes the language of Mr. Justice Bradley, in Wood, 112, in which, after stating he was unable to find any precedent for a bill for *injunction* to stay proceedings in the same Court, says : "I cannot see any necessity of it. If any circumstances exist which render it improper or inequitable to carry on proceedings in this Court, they can always be brought to the attention of the Court by motion or petition in the suit. I shall direct the bill as such to be dismissed, but allow it to stand as a petition in the several suits sought to be suspended. Supposing the matter to be properly brought before the Court, on petition and motion thereon, the question arises whether the proceedings in this Court ought to be stayed."

Conceding that these principles would prevail if the action herein and the condemnation proceedings were in the same Court, they are not applicable, for the reason that this action was commenced in the Court of Common Pleas, while the condemnation proceedings were instituted in a special statutory tribunal from which an appeal may be taken to the Court of Common Pleas.

III. It is, lastly, submitted that this Court overlooked the question presented by the fourth exception, which assigned

as error the order requiring the plaintiff to enter into an undertaking, while no such undertaking was required of the defendant, thereby denying the plaintiff the equal protection of the laws. As it is the plaintiff and not the defendant that seeks the injunction, we see no ground whatever for sustaining this assignment of error.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore staying the remittitur be revoked.