April 25, 1911. The opinion of the Court was delivered by
This is an appeal from an order of Judge DeVore, passed on November 11, 1910, refusing injunction pendente lite to restrain condemnation proceedings to assess damages for the proposed crossing of plaintiff's right of way by a spur track of the defendant at Front street in the town of Cheraw, S.C.
The order refused injunction without stating any reason; hence the only question properly arising is whether, upon the complaint and supporting affidavits, and upon the return and the supporting affidavits, there was a prima facie showing warranting injunction. The rule is well established that temporary injunction should be granted when it appearsprima facie that such injunction is necessary to preserve the right asserted by the plaintiff. Marion County Lumber Co.
v. Tilghman Lumber Co., 75 S.C. 220, 55 S.E. 337. That the condemnation statute affords no machinery for determining the right to condemn, and is limited to the ascertainment of the amount of damages, has been frequently declared. Georgia etc. Ry. Co. v. Riddlehuber, 38 S.C. 308,17 S.E. 24; Water Co. v. Nunamaker, 73 S.C. 550,53 S.E. 996.
It would be an anomaly to have a judgment fixing the amount of compensation to be awarded in condemnation proceedings in advance of a determination whether the right *Page 479 
to condemn exists, upon which depends the duty to pay the compensation damages. Such a judgment presupposes the ascertainment of the right upon which it is based. Hence it is essential to stay proceedings so that there be no such judgment until the right thereto has been established.
Before a railroad company can lawfully condemn a crossing of the right of way of another, it must appear that such crossing would not be an unreasonable hindrance of the right of way already dedicated within section 2195, volume I, Civil Code, and the consent of the Railroad Commission to make such crossing must be obtained, as provided in section 2179, Civil Code, volume I.
Subject to review in a proper case, with the proper parties before the Court, the question of hindrance, which involves also the question of public safety, must first be considered by the Railroad Commission as a preliminary of granting their consent to allow the crossing. If consent is granted upon certain conditions precedent, there is no consent until the performance of such conditions. In this case, it appears from the proceedings and the undisputed facts existing at the time of the condemnation proceedings that the consent of the Railroad Commission to permit the crossing was on the condition that the crossing at grade should be protected by an interlocking switch, plans of which were to be first submitted to and approved by the commission. There was no showing that the condition had been performed; in fact, it is not disputed that plans of such switch had not been approved by the commission. We need not refer to the fact developed at the hearing of this appeal, that the Railroad Commission has not only not approved any plan of an interlocking switch, but has actually determined that there shall be no crossing at grade at the point where the right of way is sought to be condemned.
The action of plaintiff to stay condemnation proceedings was brought in due time before judgment in condemnation *Page 480 
was rendered, and we find nothing in the facts which warrants a conclusion that plaintiff has waived, or is estopped to assert, the claim that no right to condemn exists. The situation was such that it was error to refuse to stay the condemnation proceedings.
The order appealed from is reversed and the condemnation proceedings enjoined pendente lite.