15254

HEADDON v. STATE HIGHWAY DEPARTMENT

(14 S. E. (2d), 586)

*Mr. John M. Daniel,* Attorney General, *Mr. T. C. Calli-son* and *Mr. M. J. Hough,* Assistant Attorneys General, for appellant,

*Mr. W. M. Graydon,* for respondent,

May 5, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The State Highway Department, in the exercise of its statutory powers which govern its actions in the matter of building, laying out and widening roads and highways, decided to widen the highway commonly known as Rosewood Drive, Route 16 in the County of Richland. In pursuit of this purpose it became· necessary to secure a right-of-way, seventy-five feet in width from adjacent property owners; among these was G. M. Headdon, who owned a lot having a width of eighty-five feet on its front facing the highway, where his residence is situated. The steps of the dwelling house are thirty-six and one-half feet from the center of the highway, so that in carrying out the plan to widen the highway it would be necessary to take off the lower step of the dwelling.

Notice of the condemnation proceedings was given to Mr. Headdon, and condemnation proceedings duly held, and it was decided that the right-of-way would take in the lower step of said residence. An award was made on the 14th day of January, 1941, by which Mr. Headdon was given as compensation $150, and provision was made for replacing the step to the residence. January 21, 1941, Mr. Headdon gave notice of appeal to the Court of Common Pleas for Richland County, which was served on the Highway Department the same day. It may be stated here that the case is docketed for hearing in that Court.

On February 19, 1941, Mr. Headdon served his petition in the County Court of Richland County praying for a permanent injunction restraining and enjoining the Highway

Department from taking the said property and, pending the granting of such permanent injunction, that a temporary restraining order be granted.

February 19, 1941, Judge of the County Court of Richland County, Honorable A. W. Holman, issued his order requiring the Highway Department to show cause before him on the 25th day of February, 1941, why the prayer of the permanent injunction should not be granted, and restraining the defendant from entering the land of the petitioner or removing any trees or shrubbery therefrom "until this matter is heard upon its merits."

The Highway Department appeared and made return to the rule to show cause, and made answer to the petition, or complaint.

February 28, 1941, Judge Holman filed an order to the effect: "That the temporary restraining order heretofore by me issued remain in full force and effect."

From this order the Highway Department appeals to this Court on exceptions which are to the following effect:

That the County Court was without jurisdiction of this matter for the reason that the petitioner had appealed from the award made under condemnation proceedings to the Court of Common Pleas and, that Court having acquired jurisdiction of the matter involved, the County Court could not take jurisdiction thereof.

That His Honor, the Judge of the County Court, erred in holding that the petitioner did not have an adequate remedy at law, the error being that under the condemnation statute every right of petitioner is protected by his appeal to the Court of Common Pleas, and that the Court of Equity cannot intervene.

That it was error to grant the restraining order without requiring a proper and adequate bond.

That His Honor, the trial Judge, erred in viewing the property and considering the value thereof, that question not being in issue.

That His Honor erred in continuing the temporary restraining order because there was no allegation that the Highway Department was acting arbitrarily, oppressively, capriciously, or that the road in question was not necessary to be improved.

That His Honor erred in holding that Subdivision 2 of Section 5813 of the Code of 1932 is obnoxious to Section 17 of Article I of the Constitution.

That His Honor erred in issuing the order of February 28th, the said order being improvident and in violation of the statutes in such cases made and provided.

In the view which we take of this appeal, it is not necessary to consider in detail each of the exceptions. Indeed, we think the whole matter may be disposed of by consideration of the question whether the Judge of the County Court had jurisdiction of the matter, but in view of the earnestness with which counsel for respondent has urged his views, we may consider all of the issues raised.

Subdivision 2 of Section 5813 declares the manner in which one who is dissatisfied with the award made by Commissioners in condemnation proceedings by the Highway Department in road matters, may obtain redress, viz.: "* * * Any person interested may appeal to the Court of Common Pleas from the decision of the board * * *." The clerk shall docket such appeal on calendar No. 1, and they shall be heard in said court de novo before a jury, * * *."

There is no question that the appeal from the award in this case was made and was docketed in the office of the Clerk of the Court of Common Pleas before the filing of the petition in the County Court. The Court of Common Pleas had acquired jurisdiction before the action of the County Court, and it does not need the citation of authorities to hold that the County Court could not oust the Court of Common Pleas of the jurisdiction first acquired. It is doubtful if the County Court had such jurisdiction, since the statute gives it expressly to the Court of Common Pleas, but we need not now decide that matter.

By the direct and unambiguous declaration of the statute it is evident that the County Judge erred in holding that the petitioner had no adequate remedy at law.

It is said in 28 American Jurisprudence, under the head of "Injunction", Section 3, page 198:

"* * * And is a remedy which should not be lightly indulged in, but should be used sparingly and only in a clear and plain case. * * *"

"* * * Whenever a court of law is thus competent to take cognizance of a right and has power to proceed to a judgment which affords a remedy of this character, without the aid of a court of equity, the plaintiff must proceed at law, * * *." 28 American Jurisprudence Section 37, pages 233-234.

The same authority is full of declarations that in order to receive the aid of a Court of equity to enjoin a public corporation or department of government in the performance of actions or duties provided by statute, there must be allegations or showing that the public department or corporation has exercised its power in an arbitrary, oppressive or capricious manner. No such allegations are found in the petition here.

It was error not to require the petitioner to give a bond before issuing the order of February 28, 1941.

Section 570 of the Code provides that "when no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff."

The case of Columbia Water Power Co. v. Nunamaker, 73 S. C., 550; 53 S. E., 996, 998, is in apt similarity to this issue. That was an appeal from a condemnation proceeding. The appeal was from an order of the Circuit Judge which required the plaintiff, petitioner for injunction, to file a bond. This Court said:

"Section 243 (now Section 570) of the Code * * * provides that 'when no provision is made by statute as to se-

curity upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff.'

"The case under consideration comes within the provisions of the foregoing sections, and his .honor, the Circuit Judge, did not have the power to dispense with the requirement as to an undertaking. Hunt v. Smith, 1 Rich. Eq. 227; Smith v. Smith, 51 S. C., 379; 29 S. E., 227. Furthermore, if the complaint should be regarded as an application or petition for an order of suspension, and conceding that the circuit judge had the power to grant such order without requiring an undertaking, nevertheless it was within his discretion, which was not abused."

The Circuit Judge in his order predicates his action in granting the permanent injunction, in part upon the fact that he personally was familiar with real estate values in the neighborhood where this property is situated and states that: "I cannot by any stretch of the imagination bring myself to the conclusion that the award made in this case is just compensation." That issue was not involved in the proceedings before him. The value of the property was especially involved in the appeal to the Court of Common Pleas. But, even if such issue had been before the Judge of the County Court, he had no right to predicate his decision upon a personal view of the premises, or his personal knowledge of the value of real estate in that neighborhood.

Syllabus 1 to the opinion of this Court in the case of *Ralph v. Southern Railway Co.,* 160 S. C., 229, 158 S. E., 409, is in these words: "Action of trial judge in inspecting place of collision and predicating refusal of motion for new trial in part on information so obtained held erroneous."

The order of the County Judge holds that subdivision 2 of Section 5813 of the Code is obnoxious to Article 1 of Section 17, of the Constitution of 1895, which provides that private property shall not be taken for public use without just compensation being first made therefor.

This question has been repeatedly considered and determined by this Court adversely to the position taken by the County Judge. It is needless to cite or quote them, except the case of *Jennings et al. v. Sawyer et al.*, 182 S. C., 427; 189 S. E., 746, which contains a compendium of the law relating to this and other issues involved in the present appeal.

The order appealed from is reversed and the petition is dismissed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.