16272

SEASE v. SOUTH CAROLINA STATE HOSPITAL

(56 S. E. (2d) 93)

*Messrs. John M. Daniel, Attorney General, T. C. Callison, and R. Hoke Robinson, Assistant Attorneys General,* all of Columbia, *for Respondent-Appellant,*

*Messrs. C. T. Graydon and Augustus T. Graydon,* for Petitioner-Respondent,

*Messrs. John M. Daniel, Attorney General, and T. C. Callison and R. Hoke Robinson, Assistant Attorneys General,* all of Columbia, *for Respondent-Appellant, in reply,*

November 2, 1949.

STUKES, Justice.

The respondent was confined to jail upon a warrant which charged a capital crime. On September 29, 1948, the Presiding Judge of the Circuit Court of General Sessions for Richland County on motion of respondent's counsel committed him to the State Hospital pursuant to Section 6239 of the Code for examination and report upon his mental condition. The superintendent of the hospital under date of October 29, 1948, reported to the Court that the medical staff of the hospital found respondent insane. Thereupon, on the folowing November 3rd, the Court, on motion of the Solicitor, committed respondent to the hospital until the further order of the Court.

Upon respondent's petition, November 19th following, the Judge of the Richland County Court issued a writ of habeas corpus. Return by the State, through the Attorney General, resisted the writ upon the ground that the County Court was without jurisdiction and that respondent had been lawfully committed to the hospital by the Judge of the Court of General Sessions upon the conclusion of the hospital authorities that respondent was insane.

There was a hearing before the Judge of the County Court at which three members of the hospital medical staff testified that in their opinion insanity existed; and the Court also heard testimony from respondent and his wife which was in conflict with that of the doctors. The evidence is not contained in the appeal record and the foregoing is gleaned from the agreed statement. Thereafter, on January 28, 1949, the County Judge filed his order in which he concluded, in effect, that respondent was sane, ordered his release from the hospital and remanded him to the custody of the Sheriff of Richland County to answer the charge contained in the warrant.

The State has appealed upon several grounds, only one of which need be considered. It is encompassed within the following question which is quoted from the brief: "Did the Richland County Court have jurisdiction to entertain the habeas corpus petition of an inmate of the South Carolina State Hospital some two weeks after the General Sessions Court of Richland County had committed him 'until further order of this Court'?"

There is comity between courts, of which this case presents patent violation. Therefore, passing without deciding the availability or merit of appellant's challenges to the jurisdiction of the County Court, the applicability of habeas corpus, the factual conclusion of sanity of respondent and the plea of *res judicata*, we hold that the County Court erred in taking jurisdiction at all in view of the pending criminal prosecution in the Court of General Sessions to which the committal of respondent to the State Hospital by the Circuit Court was incidental. That it was thus incidental cannot be gainsaid, in view of the terms of the statute. An earlier, similar statute was invoked in *State v. Bethune,* 88 S. C. 401, 71 S. E. 29, whereby jury trial upon the question of sanity was had in the circuit court.

The cited principle of comity has been recognized and applied in our prior decisions. *Jordan v. Moses,* 10 S. C. 431; *Witte v. Clarke,* 17 S. C. 313; *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40; *Headdon v. State Highway Department,* 197 S. C. 118, 14 S. E. (2d) 586. It is the established general rule. 14 Am. Jur. 435 *et seq.,* Courts, sec. 243 *et seq.*

In *Headdon v. Highway Department, supra* [197 S. C. 118, 14 S. E. (2d) 588], condemnation proceedings were pending in the Court of Common Pleas when the condemnee petitioned the Richland County Court for injunction which was granted. Reversing, this court said: "There is no question that the appeal from the award in this case was made and was docketed in the office of the Clerk of the Court of

Common Pleas before the filing of the petition in the County Court. The Court of Common Pleas had acquired jurisdiction before the action of the County Court, and it does not need the citation of authorities to hold that the County Court could not oust the Court of Common Pleas of the jurisdiction first acquired. It is doubtful if the County Court had such jurisdiction, since the statute gives it expressly to the Court of Common Pleas, but we need not now decide that matter."

An annotation upon the subject of jurisdiction of restoration proceedings is in 121 A. L. R. 1509 and is cited merely for its general interest.

Judgment reversed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.