CHARLES B. MUSE *v.* CYNTHIA MUSE.

*Divorce and Alimony.*

In an action for divorce, the wife in her answer denied the allegations of the complaint and charged the husband with abandoning and failing to provide for herself and children, and prayed for a divorce from bed and board and moved for an allowance ; on the hearing of which motion the plaintiff denied he had any property, but admitted he was an able bodied man; and thereupon the court ordered an allowance without inquiry into the value of his property; *Held* no error.

CIVIL ACTION for divorce *a vinculo matrimonii* tried at Fall Term, 1879, of CABARRUS Superior Court, before *Buxton, J.*

The plaintiff brings this action for a divorce, and in his complaint alleges that the defendant, his wife, has been guilty of adultery. His wife in her answer denies every allegation of her guilt, and in turn charges the plaintiff with having abandoned her in the month of February, 1877, since which time he has in no wise contributed to the support of herself, or children (of whom there are five, all infants); that by dint of great industry and the aid of friends she has barely been able to support them, and is wholly without means necessary to their maintenance and the defence of the plaintiff's suit; and thereupon she prays for a divorce from bed and board and for an allowance, such as might be deemed right, with which to defend the action. At fall term, 1879, the defendant moved the court to make her such allowance, having given due notice of her intention to make the motion to the plaintiff, who appeared and resisted the same. On the hearing, the plaintiff "denied that he had any property, but conceded himself to be an able bodied man." His Honor granted the motion of the wife and directed the husband to pay into court three dollars per month for her use and benefit. The plaintiff complains of this order, because it was made without any inquiry into the extent and value of his property, and appeals therefrom to this court.

*Mr. W. H. Bailey,* for plaintiff.
No counsel for defendant.

RUFFIN, J. We see no error in the order complained of, and certainly none for the reason assigned. Why inquire into his property and its value, when he admits he has none?

REYNOLDS v. POOL.

A husband is not excused from the maintenance of his wife because he lacks an estate. He must labor if need be for her support; and if reluctant, it is fortunate that it happens, as in this instance, that he may be compelled to do so.

If His Honor had fixed the wife's allowance at such a sum as to leave any doubt as to the ability of the plaintiff fairly to earn the amount, and at the same time provide for his own necessities, it could be seen that some good could come of an inquiry into his ability to work and the probable amount of his earnings. But as the court adopted the very minimum that "an able bodied man" can earn, ten cents a day, there can be no error of which the plaintiff can complain, however his wife might.

No error.                                    Affirmed.