### SMITH v. SMITH.

1. ALIMONY—SUIT MONEY—ATTORNEY'S FEES.—The Courts of this State will grant alimony and suit money *pendente lite*.
2. IBID.—IBID.—CHAMBERS.—Alimony and suit. money, *pendente lite*, may be granted at chambers.
3. IBID.—INJUNCTION.—The facts alleged in the complaint, and stated in affidavits, are not sufficient to show that plaintiff was entitled to the injunction.
4. INJUNCTION—BOND.—A written undertaking should be required upon granting an injunction. *Watson* v. *Bank*, 5 S. C., 177, *explained*.

Before WATTS, J., Chesterfield, September, 1897. Modified.

Action for alimony by Caroline Smith against George W. Smith. The order appealed from is as follows:

This action was commenced by the service of the summons and complaint on the 9th day of December, 1896. The prayer of the complaint was: (1) That the plaintiff be protected in living separate and apart from her husband, the defendant herein; and (2) that the defendant be required to pay to the plaintiff as alimony an adequate and suitable amount of money for her support and maintenance, and for general relief. On the 21st day of December, 1896, defendant served plaintiff's attorneys with notice that he would move before me, as Judge of the Fourth Judicial Circuit, at chambers in Cheraw, S. C., to strike out various sections of the complaint, on the ground that such sections were irrelevant and redundant, and to require the plaintiff to state separately her two alleged causes of action. These motions

were heard and refused, and the order refusing same was afterwards affirmed by the Supreme Court on appeal. Thereupon plaintiff's attorneys served notice on the defendant's attorneys on the 3d day of September, 1897, that they would move before me at chambers, Cheraw, S. C., on the 8th day of September, A. D. 1897, for an order enjoining and restraining the defendant from in anywise alienating or charging any of his property during the pendency of this case and until the further order of the Court, and for an order allowing and granting to plaintiff out of the property and income of the defendant a suitable and sufficient amount of money as alimony, *pendente lite*. These motions were heard by me at chambers on the 8th day of September, 1897, on the records in this case and on affidavits submitted by both parties to this action. I think it is very clear that the plaintiff is entitled to the injunction asked for, and an order for same will be made. As to granting to the plaintiff alimony, *pendente lite*, out of the property and income of the defendant, I am satisfied from the proof submitted, and under the law on the subject, that the plaintiff should be allowed a sufficient and suitable amount of money for her support and maintenance during the pendency of this action, and for her expenses incurred in maintaining her suit. The only matter about which I have entertained any doubt in granting this motion was the question of my jurisdiction to hear and determine this motion at chambers.

In South Carolina we have no statute regulating the proceedings and providing the jurisdiction of the Court in alimony suits, and hence the Court of Equity assumed jurisdiction as one of the ordinary equitable powers of a Chancellor. See the cases of *Jelineau* v. *Jelineau*, 2 DeS., 45; *Prince* v. *Prince*, 1 Rich. Eq., 282; *Threewits* v. *Threewits*, 4 DeS., 560; *Prather* v. *Prather*, 4 DeS., 33, and other South Carolina cases; also, Bishop on Marriage and Divorce, vol. II. The reason for such assumption of jurisdiction was in order that the wife might have some tribunal in which she could enforce her rights. It was assumed on account of the very

necessity of the case, and I must think that when the Court of Equity assumed jurisdiction of the subject matter it also assumed and acquired jurisdiction of all proceedings necessary to secure unto the party complaining the relief to which he or she was entitled. Now, there is no doubt but that the plaintiff in this suit is entitled to a support, and to a sufficient sum of money to prosecute her case, out of the income and property of the defendant, who is her husband; and in this case, as soon almost as the complaint was served, and before the plaintiff had made application for alimony, *pendente lite*, certain motions were made in the cause, which were refused, and the case was carried to the Supreme Court, which took it out of the jurisdiction of the Court of Common Pleas; and thus the plaintiff has been prevented already for nearly a year from having her application for the relief which she now seeks, and to which she is entitled, from being passed upon by the Court of Common Pleas. This is not an ordinary proceeding, but from the very nature of the case it is necessary that relief should be promptly granted; and on account of that necessity which here exists, I think the Circuit Judge, sitting as a Chancellor at chambers, should have, and has, jurisdiction of this matter, and so I hold.

Again, Code, sec. 402, provides: (1) "An application for an order is a motion." (2) "Motions may be made to a judge or justice out of court, except for a new trial on the merits." This provision is general, excepting only a motion for a new trial on the merits, and I think the power is here given to a Circuit Judge to hear and determine this motion at chambers. Sec. 2247 of the Revised Statutes is not in conflict with this section of the Code. Sec. 25 of art. V. of the Constitution of 1895 declares certain powers of the Justices of the Supreme Court and of the Judges of the Circuit Court, and provides, further, that "the Judges of the Circuit Courts shall have such powers at chambers as the General Assembly may provide." The General Assembly has provided that the Circuit Judges may hear and determine all motions, except motions for a new trial on the merits, and

as this motion is not a motion for a new trial on the merits, I hold that I have jurisdiction over the motion at chambers. Having determined that I have jurisdiction over the matter, I have no hesitancy in granting the motions asked for, as I am satisfied, from the showing made before me, that the plaintiff is entitled to an order enjoining the defendant from alienating or charging his real property, and to an order allowing her alimony, *pendente lite.* It is, therefore, ordered, adjudged, and decreed, that the defendant, George W. Smith, be and he is hereby enjoined and restrained from in anywise alienating or charging any of his real property during the pendency of this action, and until the further order of the Court. It is further ordered, adjudged, and decreed, that the defendant, George W. Smith, do forthwith pay unto the plaintiff, Caroline Smith, as alimony, *pendente lite*, the sum of $197, the said sum being $125 for suit money for the charges, expenses, and counsel fees that she has been subjected to in and about the proceedings in this cause, and the sum of of $72 for her support and maintenance since the 9th day of December, A. D. 1896, to the 9th day of September, A. D. 1897, the same being the sum of $8 per month for the term of nine months. It is further ordered, that the defendant, George W. Smith, do, on the 9th day of each and every month hereafter (unless the same be on Sunday, and then on the Monday following), pay to the plaintiff the sum of $8, such monthly payments to continue for and during the pendency of this action, and until the further order of the Court. The first monthly payment to be made on the 9th day of October, 1897. It is further ordered and adjudged, that upon failure and default of the said defendant to pay the said sum of $197, as herein ordered, forthwith, and upon his failure to pay the said sum of $8 per month on the day in each month on which the same is payable, as hereinbefore ordered and adjudged, then and in that case the plaintiff may apply to the Court to enforce the payment of the same, according to law and practice of the Court in such cases.

Let a copy of this order be served upon the defendant,

George W. Smith, and let this order, together with the affidavits and other papers upon which it was based, be filed with the clerk of the court of common pleas and general sessions for Chesterfield County.

From this order the defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *As to right to grant injunction:* Code, 240, 241, 243; 5 S. C., 159; 1 Rich. Eq., 277. *The right to grant alimony, pendente lite, in this State:* 1 Rich. Eq., 290; 1 McC. Ch., 346. *The right at chambers:* Code, 402; Rev. Stat., 2247; 47 S. C., 31; 44 S. C., 383; 27 S. C., 373; 13 S. C., 259; 6 How., 201; 7 Wall., 342. *On the showing made:* 10 Rich. Eq., 173; 25 S. C., 501, 193; 24 S. C., 238; 21 S. C., 162.

*Mr. E. J. Kennedy,* also for appellant, cites: *Equity Court's jurisdiction:* 4 DeS., 34. *No power at chambers:* 3 S. C., 421; 8 S. C., 262; 31 S. C., 336; 42 S. C., 300.

*Messrs. W. P. Pollock* and *Edward McIver,* contra; the latter cites: *Wife has right to suit money and alimony, pendente lite:* 1 McC. Eq., 197; 4 DeS., 33, 560; 2 DeS., 45; 1 Rich. Eq., 282; 1 Edw. Ch., 255; 63 N. C., 22; 10 Ga., 478; 7 Harris, 171. *Judge may grant at chambers:* Code, 402. *Injunction proper:* 1 DeS., 219; 4 DeS., 79; 4 Gill, 105; 27 Ala., 519; 22 Ill., 187; 73 Ill., 536; 13 Ind., 562; 11 Paige, 166. *Bond not necessary:* 5 S. C., 159; 29 S. C., 491.

March 1, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. It will only be necessary to set forth one or two facts, which will be hereinafter stated, in addition to those contained in the order of his Honor, the presiding Judge, which will be incorporated in the report of the case. The following questions are raised by the exceptions: 1. Does the right exist in this State to grant suit money and alimony, *pendente lite?* 2. Can such order be granted at chambers? 3. Were there any allegations in the complaint or any facts stated in the affidavits, showing that

the plaintiff was entitled to the order of injunction?  4. Should the order of injunction be set aside because of failure on the part of the Circuit Judge to require an undertaking on the part of the plaintiff?  We will consider these questions in their regular order.

The first question will now be considered.  As this is a novel question in our State, we will quote somewhat at length from the authorities.  In vol. 2, page 92, Enc. of Law (new ed.), it is said: "Strictly speaking, alimony is allowed merely as incident to proceedings for legal separation or divorce; but in some jurisdictions, and by statute in many of the States, alimony is allowed as an independent right, proceedings for which are usually had in chancery courts."  The case of *Rhame* v. *Rhame*, 1 McC. Ch., 197, and others which it is not necessary to mention, show that, in this State, courts of equity, in the exercise of their general chancery powers, have assumed jurisdiction of alimony as an independent right, and not as merely incidental to an action for legal separation or divorce.  In the same volume, page 100, it is said: "It was the universal practice of the ecclesiastical courts in England, and is now generally the practice in the United States, upon an application, by the wife, to the Court, in a divorce suit, to make an allowance for her support during the pendency of the suit, and for costs and expenses to enable her properly to carry it on, if she is without separate means, and the husband is able to support her, whether she be libellant or respondent, without a consideration of the merits of the case;" and on page 101 it is said: "Although alimony, *pendente lite*, should be allowed without an examination of the merits of the case, yet a *prima facie* case must be shown in behalf of the wife."  In vol. 1, Enc. of Pl. & Pr., page 430, it is stated: "Decrees for alimony are, and on principle should be, subject to change or modification as circumstances may require.  Temporary alimony may be increased or diminished at any time during the pendency of the suit."  See, also, vol. 2, Enc. of Law, pages 155 and 156, to the same

effect.    In vol. 1, Enc. of Pl. & Pr., page 439, it is said: "A decree for alimony, by the great weight of authority, is not a debt, within the meaning of statutes or constitutions, which prohibit imprisonment for debt."    One of the modes of enforcing compliance of an order for alimony, *pendente lite*, is by an attachment for contempt.    It thus appears that the order for alimony, *pendente lite*, is not a judgment for a debt, but is simply incidental to the action for permanent alimony.    When the courts of equity in this State assumed jurisdiction of alimony, they also assumed jurisdiction of all the incidents necessary to the enforcement and enjoyment of such right; and, therefore, assumed jurisdiction of the right to grant suit money and alimony, *pendente lite*. The exceptions raising the first question are overruled.

We proceed to consider the second question.    This question depends upon the nature of the order for alimony, *pendente lite*.    We quote from the case of *Prime* v. *Prime*, 36 Fla., 676, reported in 34 L. R. A., 87, not for the purpose of committing this Court to the doctrine that it would have the right to grant alimony, *pendente lite*, in the first instance, but for the purpose of showing that such order is in its character administrative, and merely incidental to the action for permanent alimony. Mr. Justice Liddon, delivering the opinion of the Court, says: "The appellant has not disputed our power to grant the alimony and suit money pending proceedings here; yet, as this question is a new and novel one, this being the first application of the kind ever addressed to this Court, and as there is conflict in the authorities, we have thought it best to give some expression of opinion and reference to the state of the law upon this subject.    This Court under our Constitution has only appellate jurisdiction in cases in equity originating in the Circuit Court.    The question which caused us some difficulty was whether the allowance of alimony, in this Court, would not be an exercise of original instead of appellate jurisdiction, and beyond our constitutional powers.    In examining the question we ascertain

that a number of appellate courts have granted alimony
and suit money, while the case was pending in such courts
on appeal. In many of these the question of the power to
make the order was not discussed. The court assumed the
power as a matter of course, and it seems no objection was
made thereto. In other cases the relief has been refused
upon the merits, the court assuming that it had jurisdiction
and power to grant the relief, if a proper case had been pre-
sented, and in some cases the power is expressly asserted.
(Then follows the citation of a number of authorities.) The
question of the jurisdiction of an appellate court to grant
the relief was expressly raised and decided in *Goldsmith* v.
*Goldsmith*, 6 Mich., 285. The husband in that case ob-
jected to the allowance being made by the appellate court,
upon the ground that the jurisdiction of such court only
authorized it to review and pass upon the decree and pro-
ceedings appealed from. The court overruled the objection
and held that it had power to award the alimony pending
appellate proceedings. The fullest discussion of the sub-
ject we have seen is in *Lake* v. *Lake*, 17 Nev., 230. In
that State the constitutional grant of jurisdiction to the
Supreme Court, in so far as it affects the point under con-
sideration, is identical in terms with the section of our
Constitution regulating the jurisdiction of this Court. An
application for suit money was made in the Supreme Court
and resisted on the ground that it would be an exercise of
original jurisdiction. The court held otherwise and made
an allowance for counsel fees and costs, and fortified its
position by elaborate argument and citation of authorities.
In that case the wife was defeated in the court below and
was the appellant. The gist of the conclusion of the court
is stated as follows: "The law gives appellant in this case
the right to appeal from that part of the judgment dispos-
ing of the property, and accords to her every privilege
granted to other litigants in this court. Upon her rests the
burden of showing error in the court below. Among all
the rights to which she is entitled, there is no one more im-

portant to her and the court than that of having the aid of counsel learned in the law and acquainted with her case. Without such aid, the court must perform the double and inconsistent functions of court and counsel, or she, with no knowledge of the principles or experience in the practice of the law, must cope with counsel of ability in a profession which, most of all, requires a familiarity with all knowledge, and, most of all, offers success to him who knows best how to put in practical use the knowledge he possesses. Without counsel, the statute of the State and the rules of the court cannot be complied with. Without them, the good order and well being of the court would be disturbed, and it would be deprived of one of the usual proper and necessary means of exercising its appellate jurisdiction." As the order granted by his Honor, Judge Watts, was merely interlocutory, and incidental to the action for permanent alimony, there was no reason why he could not grant the same at chambers, under section 402 of the Code, and section 2247 of the Revised Statutes. The exceptions raising this question are overruled.

We proceed next to consider the third question. In vol. 1 Enc. of Pl. & Pr., page 442, it is stated, in speaking of the writ of injunction, that: "This writ may be granted by any equity court, in the exercise of its ordinary powers, but by a common law court, only under statute. Its use in protecting and securing the wife's claim to alimony is to restrain any disposition by the husband of his property, which is likely or intended to impede or defeat such claim; and it is commonly issued on the petition and affidavit of the wife. This is done although no decree or award had been made; but there must be a proper showing that the property is in peril, the allegations in the petition being required to set out, not only the fears of the wife, but the facts on which they are grounded." There are no allegations in the complaint, nor are there any facts stated in the affidavits submitted in this case, tending to show that the plaintiff's claim is in danger of being defeated

by plaintiff's disposition or encumbrance of his property. So that whether the injunction was granted under the provisions of the Code, or by the Judge in the exercise of his general chancery powers, as incidental to the action for alimony, it cannot be sustained. The exceptions raising this question are, therefore, sustained.

Lastly we proceed to a consideration of the fourth question. Section 243 of the Code is as follows: "When no provision is made by statute as to security upon an injunction, the Court or Judge shall require a written undertaking, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto * * *" We do not understand that the Court, in *Watson* v. *Bank*, 5 S. C., 177, decided that the failure of a Judge to require a written undertaking upon granting an injunction did not render the order voidable, but that the failure to do so was not *jurisdictional*. But, be that as it may, the words of the section are plain and mandatory, and the order herein is in that respect erroneous, and to that extent must be set aside. The exceptions raising this question are sustained.

It is the judgment of this Court, that the order herein be modified in the particulars hereinbefore mentioned.

MR. JUSTICE POPE concurs in the result.