6906

## MESSERVY v. MESSERVY.

1. APPEAL—WAIVER.—Rule requiring case and exceptions for appeal to be served within thirty days after service of notice of intention to appeal is waived by respondent by accepting service of proposed case after time without objection and participating in preparation of case by proposing amendments.

2. JURISDICTION—CHAMBERS—ALIMONY.—Circuit judge. at chambers on motion supported by affidavit has jurisdiction to decree suit money

and alimony *pendente lite,* when marriage is denied by defendant. His findings thereon in this case affirmed.

3. Temporary alimony may be granted when the defendant is without estate or certain income, but is able by means of his faculties to provide reasonable maintenance for his wife, especially where he lives in such way as to indicate he is not entirely without means or income.

Before Memminger, J., Charleston, August, 1907.    Affirmed.

Action by Pearl C. Messervy, by guardian *ad litem,* against John E. Messervy. From order requiring defendant to pay suit money and alimony *pendente lite,* defendant appeals.

*Messrs. Legare, Holman & Baker,* for appellant, cite: *Alimony can only be awarded out of estate or income of husband:* 10 Rich. Eq., 426; 44 L. R. A., 725.

*Messrs. Logan & Grace,* contra, cite: *Judge has jurisdiction at chambers to award temporary alimony and suit money:* 51 S. C., 379.    *And they may be so awarded when the marriage is denied by defendant:* 1 Ency. P. & P., 421, 422; 2 Ibid, 103; 10 Am. R., 460; 71 N. Y., 270; 1 Edw. Ch. (N. Y.), 255; 16 Daly (N. Y.), 534; Code of 1902, 2660.    *And when defendant has no estate or income:* 1 Rich. Eq., 288; 2 Ency., 123; 84 N. C., 35; 153 Fed., 986.

May 9, 1908.    The opinion of the Court was delivered by

Mr. Justice Jones.    Plaintiff, by her guardian *ad litem,* commenced an action in the Court of Common Pleas for Charleston county against defendant, on January 10, 1907, for permanent alimony and for expenses and charges necessary to obtain the same.    The verified complaint alleged her marriage to defendant on the 2d day of September, 1906, followed by cohabitation with him until September 4, 1906,

when he deserted her without cause, and has ever since failed and neglected to provide for her; that she had no means of support and was compelled to return to her parents, who are poor and unable to support her; that defendant is the only child of wealthy parents and has an income of $20 a week, and is well able to support both himself and plaintiff comfortably.

The answer of defendant was a general denial.

Plaintiff, on July 15, 1907, moved before Judge Memminger, at chambers, for an order requiring the plaintiff to pay her alimony *pendente lite* and suit money, and for an order of reference. The motion was made after due notice upon the verified complaint and the affidavit of plaintiff. In her affidavit, plaintiff declared that the marriage ceremony was performed by the Rev. Father P. D. Duffie on the 2d day of September, 1906; that on the next day she and defendant went to the city of Savannah, where they lived together until the 4th day of September following the marriage, when the father of defendant came to Savannah and persuaded defendant to return to Charleston; that she accompanied defendant to Charleston, where he basely and without cause deserted her, and she was compelled to return to the home of her parents. where she has been ever since; that for several years prior to her marriage she was employed as a saleslady in the store of F. M. Kirby, in the city of Charleston, at a salary of $4.50 per week; that upon her marriage to defendant she relinquished this position; that she is a young girl only twenty years old and entirely without means to prosecute her suit; that her father is a man of small means and large family, and on this account she can not remain at his home much longer; that defendant has frequently told her that his income was $25 per week; that she is informed and believes that her husband's mother has a fortune aggregating $60,000 to $65,000; that she is informed and believes that since this action was brought that her husband has been in Washington, D. C., living in the utmost comfort and that he can afford to pay any reasonable

sum for her support during the pendency of this action; that deponent was a loving and dutiful wife to her husband while he remained with her, and had for him the greatest affection and love until by his base and cruel conduct in deserting her, he has so wounded her feelings as to utterly estrange himself from her.

Defendant, in reply, made affidavit denying that he was married to plaintiff or that he had ever deserted her, admitting, however, that he had gone through a form of marriage ceremony with plaintiff, but that he did not understand the nature and consequence of the act; that he never knowingly, of his free will, married her; that deponent was only seventeen years of age at the time of the said ceremony; that he is supported entirely by his parents, has no means or income, is not engaged in any business and is unable to support himself or the plaintiff or to pay any alimony that may be decreed by the Court.

J. W. Messervy, father of defendant, made affidavit that the said John E. Messervy is a minor, eighteen years old, and resides with deponent in the city of Charleston; that his son has no means whatsoever nor any income, is not engaged in any business, and therefore unable to pay any amount of alimony.

Judge Memminger referred the case to the master to take the testimony on the question of alimony *pendente lite* and suit money. He held that the plaintiff, notwithstanding the denial by the defendant of the marriage, had made out a *prima facie* case, and decreed that defendant pay to plaintiff the sum of $200 as suit money, in installments of $25 every thirty days, until the sum be paid in full, and $20 per thirty days for alimony *pendente lite*.

From this order defendant appealed. On January 22, 1908, a motion was made in this Court to dismiss the appeal, and also the appeal from an order of Judge Memminger, dated January 8, 1908, requiring defendant to show cause why he should not be attached for contempt for failure to comply with his decree as to temporary alimony; thereupon

this Court passed the following order, 79 S. E., 58, 60 S. E. Rep., 692:

"A motion is made to dismiss the appeal from two orders of Judge Memminger, the first requiring the defendant to pay temporary alimony for plaintiff's support and fees to her attorneys pending the final judgment, and the other requiring defendant to show cause why he should not be attached for contempt in failing to comply with the first order.

"The motion is on the sole ground that the orders are not appealable. The order requiring the defendant to show cause is not appealable, and as to that order the appeal is dismissed.

"The order allowing temporary support or alimony and counsel fees pending the litigation is appealable, and as to that order the motion is refused.

"In the argument it was insisted the appeal should be dismissed on the further ground that the appeal from the first order was not perfected in due time nor according to the rules of Court. No notice was given of this ground, and the Court can not consider it. This order, however, does not preclude the plaintiff from making a motion to dismiss on that ground after due notice."

Thereafter, on the 27th of January, 1908, after notice, plaintiff moved to dismiss the appeal from the order allowing temporary alimony, on the ground that the "Case" and exceptions were not served within the time required by law, which motion we now consider.

It appears that the order in question was granted August 3, 1907, and notice of intention to appeal was served within ten days thereafter, but that no "Case" and exceptions were served until January 8, 1908. It further appears, however, that when the "Case" and exceptions were served, plaintiff's attorney did not raise the objection that it was not in time, but participated in perfecting the appeal by retaining the "Case" and exceptions and proposing amendment thereto. While the "Case" and exceptions are required to be served within thirty days after notice of inten-

tion to appeal, this rule can be waived, and we think the facts in this case are sufficient to show waiver. The motion to dismiss is therefore overruled.

The exceptions not disposed of by the order hereinabove quoted raise the following questions:

1. Has a Judge at chambers jurisdiction to pass upon the issues upon affidavits and to award alimony *pendente lite*, when the marriage is denied?

2. Was it error to award temporary alimony upon the proof offered as to defendant's means and ability to pay?

Appellant contends, as to the first question, that the marriage being denied, Judge Memminger was without jurisdiction at chambers to pass upon the issues upon affidavits, and that in so doing he considered the case on its merits.

Article V, section 25, of the Constitution, provides: "The Judges of the Circuit courts shall have such jurisdiction at chambers as the General Assembly may provide." Section 402, of the Code of Procedure, provides: "2. Motions may be made to a Judge or Justice out of court except for a new trial on the merits."

In the case of *Smith* v. *Smith*, 51 S. C., 379, 387, 29 S. E., 227, this Court considered the jurisdiction of a Judge at chambers to grant an order for alimony and suit money, *pendente lite,* and held that as such an order "was merely interlocutory and incidental to the action for permanent alimony, there was no reason why he could not grant the same at chambers, under section 402 of the Code and section 2247 of the Revised Statutes."

Such an order being interlocutory, the power of the Court to grant it at chambers is conferred by section 2733, Code of Laws, 1902, which provides: "The Circuit courts shall be deemed always open for the purpose of issuing and returning *mesne* and final process and commissions, and for making and directing all interlocutory motions, orders, rules and other proceedings whatever, preparatory to the hearing of all causes pending therein upon their merits; and it shall

be competent for any Judge of the Circuit courts, upon reasonable notice to the parties, in the clerk's office or at chambers, and in vacation as well as in term, to make, direct and award all such process, commissions and interlocutory orders, rules and other proceedings, whenever the same are not grantable, of course, according to the rules and practice of the Court."

The Court, therefore, having undoubted jurisdiction to grant the order, it must follow that the mere denial of the marriage by the answer could not oust the Court of its jurisdiction. In granting such an order, the Court does not undertake to decide the case upon its merits, but considers the showing made merely with a view to ascertain whether the plaintiff has made out a *prima facie* case. 1 A. & E. Ency. Pl. & Pr., 422; *Brinkley* v. *Brinkley* (N. Y.), 10 Am. Rep., 460; *Harding* v. *Harding*, 144 Ill., 558, 21 L. R. A., 310. See also *Alston* v. *Limehouse,* 60 S. C., 568, 39 S. E.. 188.

On this point the Circuit Judge said: "Upon the question of counsel fees and alimony and suit money, the initial point is made on behalf of defendant, that the marriage being denied, the relief sought under the motion is premature; and it is urged that it would be dangerous to grant this relief upon the mere affirmance of marriage by the woman in the face of denial of the relation by the man. It seems to me the extreme would be the other way about, if by a mere denial of the marriage the man could escape this provision of the law, whereby, in favor of the marriage relation, an indigent woman is enabled to carry on her cause. Furthermore, there is even more than the requisite *prima facie* case of marriage made out here, notwithstanding the man's denial.

"The apparently undenied fact of the marriage ceremony having been performed deliberately for these parties by a Catholic priest, known to the Court to be of the highest character and standing, followed by a living together and cohabitation interrupted only by the action of the parents of

the defendant in taking him away from his wife, gives credit to the probable truth of the allegations of the complaint as to the marriage, and I have no doubt but that a due and legal marriage has been consummated between this man and woman, so far as appears from the showing made under this motion."

After careful consideration we cannot say that the Circuit Court erred in this conclusion.

The remaining question is whether temporary alimony and suit money should have been allowed under the proof as to defendant's means and income.

The appellant contends that, as he is a minor, without an estate, having no business or income, the Court cannot decree alimony against him. On this question the Circuit Judge said:

"It is contended for defendant that he has nothing and is earning nothing, and is therefore not amenable to being required to support his wife and pay her counsel. I am not satisfied that this young man is entirely without resources, and I am impressed with the force of the view expressed by the chancellor in the case of *Prince* v, *Prince*, 1 Rich. Eq., 282, that the Court should strain for a remedy in order that the poor man can be held to support his wife as well as the rich man who has tangible property, and this view is developed and applied in the case of *Muse,* v. *Muse,* 84 N. C., 35, wherein the earning capacity of an able-bodied man is regarded as an asset which can be estimated in making an award of alimony.

"This Court knows well that to be the son of reputedly wealthy parents is by no means an assurance of immunity from want; and the argument of plaintiff's attorneys as to the propriety of taking that alleged fact into consideration is not adopted.

"Neither has it been shown that defendant has accumulated any property, and the Court will not be stupid enough to direct the payment forthwith of a lump sum which it is not in any wise satisfied defendant could pay.

"The Court will, however, deal absolutely fairly with defendant, and having done so, will exert itself to see that he in return himself deals fairly with the Court in using every effort to respond to its orders."

In reaching this conclusion the Circuit Judge considered all the circumstances tending to show that appellant must have means coming from some source which enables him to live in ease and comfort. We cannot say that there was error in the finding that appellant was not entirely without means or income.

But temporary alimony may be granted when the defendant is without estate or certain income, but is able, by the use of his faculties, to provide reasonable maintenance for his wife. The absence of an estate or fixed income can not absolve the husband from his personal duty to exert himself to support his wife. *Prince* v. *Prince,* 1 Rich. Eq., 282. The same rule applies in other jurisdictions. *Muse* v. *Muse,* 84 N. C., 35; *Campbell* v. *Campbell,* 87 Wis., 206; *Eidenmuller* v. *Eidenmuller,* 37 Cal., 364; *Canine* v. *Canine,* 13 Ky. L. Rep., 124; *Furth* v. *Furth,* N. J. Eq., 39 Atl. Rep., 128; *Foote* v. *Foote,* 22 Ill., 425; *Bailey* v. *Bailey,* 22 Grat., 43.

The exceptions are overruled and the order of the Circuit Court is affirmed.