7329

## REMBERT v. REMBERT.

1. ALIMONY.—Upon the showing here made there was no error in trial Judge in holding a *prima facie* case had been made out for temporary alimony and counsel fees, and there was no abuse of discretion in so holding.

2. IBID.—JURISDICTION—CHAMBERS.—Such an order may be made at chambers.

3. IBID.—SECURITY.—Defendant in alimony suit cannot demand as matter of right that plaintiff be required to give an undertaking to restore to defendant temporary alimony and counsel fees in case it should be finally held she was not entitled to them.

4. CONSTITUTIONAL LAW.—DUE PROCESS.—An order issued by a court of competent jurisdiction after notice and opportunity to be heard with right of review according to the settled course of procedure in such matters is due process of law.

Before WATTS, J., Sumter, October, 1908. Affirmed.

Action by Christine E. Rembert against Edward E. Rembert. From order granting plaintiff temporary injunction, defendant apepals.

*Messrs. Lee & Moise,* for appellant, cite: *Plaintiff did not make out prima facie case:* Harp. Eq., 144; 1 McC. Ch., 197; 22 Ency., 1294; 1 Green. Ev., 109; 1 Stark on Ev., 544. *Such order should not be made at chambers:* Code of Proc., 307; 16 S. C., 618; 25 Stat., 1055. *Court should have required surety of plaintiff:* 51 S. C., 379. *The order is a taking without due process:* 95 U. S., 418; 70 N. Y., 229.

*Messrs Legare, Holman & Baker,* contra, cite: *The order is sustained by:* 51 S. C., 379; 80 S. C., 277.

October 21, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action, commenced August 31, 1908, is for alimony and separation. After answer a rule was issued requiring defendant to show cause why alimony and suit money should not be allowed, pending the litigation. Upon the verified complaint and supporting affidavits, and upon the verified answer, return and supporting affidavits, Judge Watts heard the motion at chambers, at Sumter Court House, on October 19, 1908. and on October 21, 1908, made and filed an order adjudging that defendant pay to plaintiff a monthly allowance of sixty dollars, commencing August 31, 1908, and a further sum of three hundred dollars, as counsel fees for conducting the

litigation on behalf of plaintiff.   The order further provided for a reference to the master of Sumter county, to take and report the testimony as to the value and amount of the property of the defendant, with any income derived therefrom, with leave to either party, on the coming in of said report, to move for an order to increase or diminish the amount of alimony fixed in the order for the future.

The defendant having executed his undertaking with sufficient sureties, as required by statute, to pay the amount so adjudged in the event the order of the Circuit Court was affirmed, served notice of appeal and exceptions to said order.

Under the first, second and third exceptions defendant contends that, upon the showing and counter showing made, Judge Watts erred in holding that plaintiff had made out a *prima facie* case for temporary alimony and counsel fees, and under the seventh exception defendant alleges abuse of discretion in granting the order.

After consideration, the Court finds no error in the conclusion of Judge Watts and no abuse of discretion.   It would not be profitable at this juncture of the litigation to go into details as to the showing made for and against the motion.

The fourth exception challenges the jurisdiction of Judge Watts to make the order at chambers.   This question, it is conceded, is settled against appellant by *Smith* v. *Smith,* 51 S. C., 379, 29 S. E., 227, and *Messervy* v. *Messervy,* 80 S. C., 277, 61 S. E., 442.

The fifth exception alleges error in not requiring plaintiff to give sufficient undertaking to refund the amounts adjudged to be paid by defendant in the event that upon a final hearing on the merits it be adjudged that plaintiff was not entitled to the order.

There is no statute requiring such an undertaking upon the issuing of an order granting temporary alimony, as in the case of injunctions, and Judge Watts was not bound to require such undertaking as matter of right to defendant.

Under the sixth exception it is contended that the order of Judge Watts was a taking of defendant's property without due process of law, in violation of the State and Federal Constitutions.

The cases already cited show that such an order is interlocutory and incidental to the action for permanent alimony, and is grantable at chambers.

The order was issued by a court of competent jurisdiction, after notice and opportunity to be heard, with right of review, and according to the settled course of procedure in such matters. This is due process of law. *Pearson* v. *Yewdall,* 5 Otta., 294, 24 L. ed., 436, and note.

The judgment of the Circuit Court is affirmed.