### 7484

### MESSERVY v. MESSERVY.

ALIMONY—CONTEMPT.—The Court cannot require a husband to pay alimony to his wife by attachment proceedings by committing him to jail until he finds employment, where he has no income, no property, no trade, profession or employment.

Before PRINCE, J., Charleston.   Reversed.

Action by Pearl C. Messervy against John R. Messervy. From order on circuit committing defendant to jail, he appeals.

*Messrs. Legare, Holman & Baker* for appellant.

*Messrs. Logan & Grace,* contra.

March 10, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from an order of the Circuit Court committing the appellant to jail for contempt for failing to pay to the plaintiff alimony and suit money according to a previous order, which was affirmed by this Court, 80 S. C., 277, 61 S. E., 442.

The testimony shows that appellant is a young man of limited education, who has no trade, profession or employment, and no property or income. It does not appear that he has, or ever had, any steady employment, or that he has ever engaged in any business. On the contrary, it does appear that he has always been supported by his father, who is a man of means.

In his sworn return to the rule to show cause why he should not be attached for contempt, appellant asserts his inability to comply with the order of the Court, and says that he tried to get work but failed; and that, if he could obtain employment, on account of his lack of skill and training, he could not earn more than enough to support himself.

The Circuit Court found as facts "that he has no property from which he can derive an income, and that he is without any income, except such as his father sees fit to allow him," and further, "that his father will not voluntarily allow him anything for plaintiff, and that were he disposed to share with plaintiff any allowance he might receive from his father, he would have to do so without his

father's knowledge, or else such allowance would be discontinued."

The Circuit Court held, however, that he had not made an honest effort to get such work as he was capable of doing, and, therefore, adjudged him in contempt.

There is no doubt of the obligation, legal and moral, of the appellant to support his wife. This Court has held that a judgment may be given against a husband for alimony when he has neither property nor income, but is able by the use of his faculties, to provide maintenance for her. In such a case, the wife is entitled to the judgment, even though it may be impossible for the Court to enforce its payment. The Court cannot deny a party the right to a judgment to which he is entitled, on the ground that the judgment debtor is insolvent, or unable to pay the amount adjudged to be due, for the debtor may thereafter acquire property which could be subjected to the payment of the judgment.

There is, therefore, no inconsistency in the Court decreeing alimony in a case like this, even though it may find itself unable to enforce payment thereof.

If a husband has property, or an income, or, if by the exercise of his faculties, he does derive an income, the Court may, in its discretion, to be exercised according to the facts of the case and the circumstances of the parties, order a part of such property or income, in excess of what is necessary for the support of the husband, devoted to the support of the wife, and obedience to such order may be enforced by attachment for contempt. The remedy, however, is a harsh one, and it should be applied with caution. But where it appears that the husband is able to comply with the order of the Court, and wilfully refuses to do so, or has, in fraud of the rights of his wife and in violation of the order of the Court, brought upon himself the inability to do so, he may be punished as for a contempt.

But we do not think the Court can compel a husband, who has no trade or profession or employment, to learn a trade, acquire a profession, or find employment, and, by the exercise thereof, derive an income for the support of his wife. If it could do so to enforce payment of a judgment for alimony, why could it not do so to enforce payment of any other judgment? The moral obligation to pay a judgment for alimony may be greater than the obligation to pay any other, but there is no difference in the legal obligation. The Court does not undertake to enforce purely moral obligations; nor can it undertake to make the thriftless thrifty.

The order of the Circuit Court is reversed, but without prejudice to plaintiff to apply for such further orders as may be proper to compel obedience to the orders of the Court, if, and when appellant is able to comply therewith.