## 8044

### PEE DEE RIVER LUMBER CO. v. FOUNTAIN.

1. INJUNCTION BOND.—A COUNTERCLAIM may be pleaded to a cause of action to enjoin removing lumber and threatening to sell the same, but here the items of damages alleged as a counterclaim are covered by the injunction bond and are not properly pleaded as a counterclaim.

2. MOTIONS FOR DISCONTINUANCE BOTH IN LAW AND EQUITY CASES are addressed to the discretion of the Court, and should be refused where discontinuance would work prejudice to the defendant. *Here* it is held to have been error to permit a plaintiff who had seized property under claim and delivery to take a voluntary nonsuit.

Before DEVORE, J., Darlington, November, 1910. Modified.

Action by Pee Dee River Lumber Co. against W. D. Fountain. Defendant appeals.

*Mr. W. F. Dargan,* for appellant, cites: *Counterclaim should have been permitted here:* 15 S. C. 462; 54 S. C. 404. *It was error to permit plaintiff to take a nonsuit:* 82 S. C. 12; 87 S. C. 367; 87 S. C. 469; 34 Cyc. 1509, 1590; 14 Cyc. 407; 109 Fed. R. 353; 20 N. J. L. 261; 77 N. C. 126; 90 Cal. 215; 37 S. C. 281.

*Mr. E. O. Woods,* contra, cites: *Damages caused by action for injunction cannot be set up as counterclaim:* 30

S. C. 127.  *No abuse of discretion in allowing discontin-
uance:* 37 S. C. 120 ; 80 S. C. 459 ; 82 S. C. 15 ; 52 S. C. 162.

November 25, 1911.   The opinion of the Court was
delivered by

MR. CHIEF JUSTICE JONES.   The plaintiff, a corporation
organized under the laws of Delaware, brought this suit
upon a complaint alleging two causes of action : first, for
recovery of possession of about two hundred logs of ash,
cypress and cotton wood belonging to plaintiff, of the
alleged value of four hundred dollars, cut and lying upon a
described tract of land in Darlington county on the Great
Pee Dee River; second, alleging plaintiff's ownership of all
the timber upon the said tract of land; that defendant
threatens to remove and is about to remove and dispose of
the timber cut and lying thereon which is movable by float-
ing down the Great Pee Dee River, and that plaintiff is with-
out adequate remedy at law, injunction is sought to restrain
removal of the timber.   The prayer of the complaint is for
delivery of the property described in the first cause of action
and payment of one hundred dollars damages for detention,
and for injunction restraining disposal of any of the prop-
erty referred to in either of the causes of action.   A bond in
the sum of eight hundred dollars was executed for the
prosecution of the action for delivery of the property and
the wrongful detention, for the return of the property, if
return be adjudged, and for payment of whatever sum may
be recovered in the action against plaintiff.   The property
was seized by the sheriff and the defendant did not replevy
the same.

On January 29, 1908, Judge Watts granted a temporary
restraining order enjoining defendant from disposing of the
timber on said premises and in pursuance of that order an
injunction bond was given in the sum of two hundred and
fifty dollars to pay damages sustained by defendant if the

Court should finally decide that plaintiff was not entitled to injunction.

Using defendant's attorneys' statement of the pleadings:

In his answer to plaintiff's first cause of action, the defendant denied the title of the plaintiff to the two hundred logs of the alleged value of four hundred dollars, and alleged that he was the owner of the same, and that his ownership was well known to the plaintiff; that the value thereof was eight hundred dollars instead of four hundred dollars; that by reason of the seizing and withholding of the same he was damaged eight hundred dollars and demanded a return of the property.

Further answering, the defendant alleged that there were, under plaintiff's deed of purchase, some three hundred logs near the Pee Dee River, cut by the defendant, that were expressly excepted, and the title thereto did not pass under said deed of purchase, but these logs were recognized by the plaintiff and the sellers as the property of this defendant; that the value of said logs was twenty-eight hundred dollars; that they were seized by the plaintiff and withheld from the defendant to his damage, twenty-eight hundred dollars.

Further answering plaintiff's second cause of action, the defendant denied plaintiff's title to the property described, alleging ownership to the same in himself under a contract to cut on shares entered in 1898, nearly nine years previous to plaintiff's deed of purchase, under which he was placed in possession and control of the entire property; that he had been in entire control of the said property ever since; that under said contract he had, at great cost and expense, deadened trees, cut canals, opened float roads, and was actively engaged in preparing and marketing the timber aforesaid upon the terms aforesaid; that large numbers of trees had been deadened preparatory to cutting; that a large number had been cut and were ready to ship and float to market; that before the contract or agreement to purchase was

entered into by the plaintiff for the purchase of said timber, and before the plaintiff had acquired any rights thereto, it was notified by this defendant of his contract with the owners, and was informed of the work done and expense incurred by him under his said contract; that defendant's share in the said timber under the contract aforesaid is reasonably worth fifteen hundred dollars; and that by reason of the taking and detention of said timber, and the forcible interference with the defendant's rights on the premises by the plaintiff, he.has been damaged in the said sum of fifteen thousand dollars.

Further answering, the defendant, in the sixth paragraph of his answer, recites the expenses mentioned by him in the fifth paragraph of his answer, and his interest in the timber, and alleges the same as a counterclaim against the plaintiff.

The plaintiff demurred to defendant's original answer to his first cause of action and the counterclaim set up by the defendant to plantiff's second cause of action. The defendant then amended his answer to the plaintiff's first cause of action, and the plaintiff replied to the defendant's amended answer, denying any knowledge or notice of the alleged contract of the defendant with George W. Hopkins, and also any knowledge or notice at any time of any contract to cut said timber between the defendant and any other person, and alleging that if there was such a contract, the plaintiff was a purchaser for value without notice.

The case being called for trial at the fall term of 1910, before his honor, Judge DeVore, and a jury, the plaintiff interposed his demurrer to so much of the answer as sets up a counterclaim to the second cause of action which was sustained by the Court. The plaintiff then elected to take a voluntary nonsuit on the legal claim, which was allowed by the Court, and so ordered.

Defendant appeals from the order sustaining the demurrer to defendant's counterclaim to plaintiff's second cause

of action and from the order allowing plaintiff to take voluntary nonsuit.

The ground upon which the demurrer was made and sustained was that a counterclaim can not be interposed in an action for recovery of specific personal property, nor in an action for injunction. Counsel for appellant concedes that counterclaim is not available in an action to recover personal property unless there are exceptional circumstances requiring equitable relief, as shown in *Williams* v. *Irby,* 15 S. C. 462; *Ludden & Bates* v. *Hornsby,* 45 S. C. 111, and *Badham* v. *Badham,* 54 S. C. 404, but contends that the second cause of action was not for the recovery of personal property.

We think the appellant correct in this, as an inspection of the complaint will show. While the second cause of action alleges plaintiff's ownership of certain logs, it is not alleged that defendant has wrongfully taken or detained the same, but that he has undertaken to remove the timber and threatens to sell, and dispose of the same; and with respect to the second cause of action, there is no demand for a delivery of the timber. Hence, it was error to sustain the demurrer on that ground. It appears, however, that matters alleged as a counterclaim to the second cause of action are matters which in contemplation of law are protected through the injunction bond and therefore are not properly pleadable as a counterclaim. Section 243 of the Civil Code provides: "When no provision is made by statute as to security upon an injunction, the Court or Judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference or otherwise as the Court shall direct."

The injunction bond thus required ordinarily limits defendant's recovery for damages resulting from the injunction and such damages may be ascertained as the Court shall direct. The rule may be different if the injunction is sued out maliciously.  10 Ency. & Pr. & Pr. 1119, and cases cited. The bond as given may be insufficient protection to defendant, but the remedy was a timely application to have the amount of the bond increased.

We, therefore, sustain the action of the Circuit Court with respect to the demurrer in so far as it rejects the matter pleaded in its aspect as a counterclaim.

There was error in the order in so far as it allowed plaintiff to take a nonsuit because of the peculiar situation. It is now settled that motions to discontinue, in cases at law or equity, are addressed to the discretion of the Court, and will be refused when a discontinuance would work prejudice to the defendant. *State* v. *Southern Ry.,* 82 S. C. 14, 62 S. E. 116.

The plaintiff has seized property from the possession of defendant and would now discontinue the action without restoring the status. The defendant alleges that the property taken from him greatly exceeds the value as alleged in the complaint.

Section 299 of the Civil Code provides: "If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

It is not sufficient to say that plaintiff has given a bond. If the property belonged to defendant he was entitled to its return, or its value only in case a return could not be had, and could not be deprived of his rights in this regard by a discontinuance.  The law is thus stated in 34 Cyc. 407, and supported by citation of cases.

"In an action of replevin both parties are regarded as equally actors; and where the plaintiff in replevying has been put in possession of the property under his writ he cannot be permitted to escape liability to defendant by suffering a nonsuit or dismissing his action, without the consent of the latter. After the property had been seized and delivered to plaintiff, defendant becomes the virtual plaintiff in the case. Plaintiff cannot and does not thereby deprive defendant of his right to establish his title and right to possession and obtain a judgment for the return of the property, or its value, and damages for the taking and withholding of the property. If the rule were otherwise, plaintiff, under color of legal process, would perpetrate a fraud on the law and be allowed to keep property, the title to which was *prima facie* in defendant, from whom it was taken at the beginning of the suit."

The judgment of the Circuit Court, in so far as it sustains plaintiff's demurrer to the counterclaim of defendant, is affirmed, but in so far as it allows plaintiff to discontinue the action, it is reversed.