8668

STATE *EX .REL.* BATES v. COUNTY COMMISSIONERS.

Injunction—Bond.—In an action for an injunction by a private person on the relation of the State, the relators should give injunction bond on making temporary restraining order.

Petition by H. G. Bates and others on the motion of the State for an injunction against the board of county commissioners of Richland county. Motion to require relators to give bond.

*Messrs. Melton & Belser,* for the motion.

*Messrs. DeBruhl* and *McLaughlin,* contra.

October 13, 1914.

MR. JUSTICE FRASER. This is a motion to amend an order of temporary injunction issued by me in this case.

The motion was made to require the relators to give bond. The motion was made on the morning of October 4th. At the hearing of the motion for injunction, my recollection is that nothing was said about the bond, and inasmuch as the State was practically a party, it did not occur to me that a bond would be necessary. On the hearing on this motion, I declined to hear from Messrs. Melton and Belser and stated that, as then advised, a bond was necessary, but gave Messrs. DeBruhl and McLaughlin three or four days in which to furnish me with authorities to the contrary.

It appears that later in the day of the 4th, the notice of appeal and exceptions were served. The authorities furnished me have not convinced me that the relators are not required to give bond, and I am satisfied that, under the case of *Lorick & Lowrance* v. *Motley,* 69 S. C. 570, I have authority to amend the order heretofore made by me. It seems to me that a bond is required under the statute.

It is therefore ordered,

That the petitioners in this action do, within ten days from the date of this order, enter into the undertaking required by law, with sufficient surety to be approved by the clerk of this Court, in the sum of two thousand dollars for the payment of such damages as the respondents may sustain, not exceeding said sum, by reason of the temporary injunction heretofore granted in this cause, should the Court finally determine that the petitioners are not entitled to injunction.