16447

EPPS v. BRYANT *ET AL.*
(62 S. E. (2d) 832)

See also 217 S. C. 361, 60 S. E. (2d) 685.

360

*Messsrs. DuRant & DuRant,* of Manning, *for Appellants,*

*Mr. James Hugh McFaddin,* of Manning, *for Respondent,*

December 27, 1950.

TAYLOR, Justice.

Upon a summons and verfied complaint of the plaintiff, the resident Circuit Judge issued at Chambers on March 4, 1950, an order, which the appellants contend is a temporary injunction, and respondent contends is a temporary restraining order. No bond being required of the plaintiff, defend-

ants, after due notice, moved before the next presiding judge of the circuit to set aside the said order upon several grounds, one of which was that no bond or undertaking was required in violation of Section 570 of the statutes of this state. This resulted in an order dated March 30, 1950, providing that the first order should remain in force provided that the plaintiff file an undertaking. From this last order, appellants now come to this Court, contending that there was error in refusing to set aside the first order upon the ground that no bond or undertaking was required of the plaintiff in accordance with Section 570, Code of Laws of South Carolina 1942.

"Although sometimes used synonymously, the terms 'temporary injunction' and 'restraining order' are properly distinguishable". 28 Am. Jur. 206. The two orders are somewhat different in character, although the words describing them are not so important as the substance thereof. An examination of the Code Sections under which temporary injunctions and restraining orders may be issued, in cases of the kind now before us, will very clearly show the distinction between the two types of orders.

Subdivision (2) of Section 566 is as follows: "When, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, or procuring or suffering some act to be done, in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

Section 567 relates to the granting of a temporary injunction, from which we quote the following: "The injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or of any other person that sufficient grounds exist therefor."

Section 570 provides as follows with reference to security upon an injunction: "When no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoin (ed) such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto."

The three sections from which the above excerpts were taken relate to *temporary injunctions*. But Section 571 relates solely to *restraining orders,* and the following is a copy of the entire section: "If the court or judge deems it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made, requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

The complaint herein, dated March 3, 1950, alleges that the plaintiff is the owner in fee and in exclusive possession of a certain tract of land in Clarendon County, and that the defendants, their agents and servants, have entered upon this land and committed willful and malicious trespasses thereon of a continuous character, interfering with the plaintiff in preparing to cultivate his crops on the premises. The prayer of the complaint is for a temporary order restraining the defendants "during the pendency of this action" from trespassing on the premises; and for a permanent injunction as well as damages; and there is a general prayer for such other and further relief as may be just and proper.

On March 4, 1950, Hon. J. Frank Eatmon, Judge of the Third Circuit, handed down the order hereinbefore referred to, reciting that the case came before him upon the sworn complaint, and that it appeared to his satisfaction that the plaintiff was entitled to the temporary relief asked for in paragraph one of the prayer

of the complaint, and hence such relief was granted, and the defendants, their agents, servants, etc., were specifically restrained and enjoined "during the pendency of this action or until the further order of this court" from entering upon or trespassing upon the premises.

This o r d e r also contains the following paragraph: "*Ordered* that copies of any moving papers herein be served upon plaintiff's attorney at least ten (10) days before any date set for hearing."

It will be noted from the foregoing recital that the order is a straight out order of temporary injunction, and is not in any sense a rule to show cause. The paragraph just quoted, or one similar thereto, is appropriate in an order of temporary injunction, where the burden is cast upon the defendant to move to set aside or modify, while under Section 571, providing for the issuance of a restraining order, a rule to show cause is issued, returnable at a specified time and place, fixed by the Court. We are therefore definitely of opinion, as above indicated, that the order of Judge Eatmon was an order of *temporary injunction,* and not a *restraining order.*

It shall further be observed, and this is the essential matter involved in this appeal, that there is no provision in the order of temporary injunction for the giving of an undertaking, as required by Section 570, although the terms of this section are specific and mandatory, for it provides that "the court or judge shall require a written undertaking on the part of the plaintiff". Furthermore, the decisions of this Court are clearly to the effect that the Court has no power to dispense with an undertaking, with or without sureties, as required by the section aforesaid. *New York Life Ins. Co. v. Mobley,* 89 S. C. 189, 71 S. E. 817; *Columbia Water Power Co. v. Nunamaker,* 73 S. C. 550, 53 S. E. 996; and *Smith v. Smith,* 51 S. C. 379, 29 S. E. 227.

The issuance of a temporary injunction is a drastic remedy, and the terms of Section 570 are intended to provide for protection, in favor of the parties enjoined, in case the injunction should ultimately be deemed improper, *and due compliance with these protective terms should always be required*. On the other hand, the issuance of a restraining order, under a rule to show cause, as provided in Section 571, is quite temporary in character, and is usually made promptly returnable, so that there is no statutory requirement for the execution of an undertaking.

Shortly after the issuance of the order aforesaid, defendants gave notice of a motion to be heard before Judge Eatmon, which was transferred by him on March 20, 1950, to Hon. Steve C. Griffith, Judge of the Eight Circuit, then presiding in the Third Circuit; and the same was heard by him at Chambers at Sumter on March 30, 1950; and it is upon appeal from this order that the case is now before us. We quote the following excerpt from the same, covering the entire order, except the foregoing recitals:

"'At the full hearing in this matter upon affidavits and pleadings and after hearing arguments of DuRant and DuRant in support of the motion and James Hugh McFaddin, contra, I am of the opinion that the temporary restraining order should remain in force until the trial of this case on the merits; provided, however, that the plaintiff file within five (5) days from date an undertaking in the form provided by law in the sum of One Thousand ($1,000.00) Dollars, with sufficient surety to be approved by the Clerk of this Court, conditioned to pay to the defendants such damages as they might sustain if the Court should decide that the plaintiff was not entitled thereto.

"This restraining order protects the lands claimed by plaintiff, as shown on the plat introduced in evidence, made by W. B. Sykes, the plaintiff's lines being shown thereon in red.

*"It Is So Ordered."*

This order was dated March 30, 1950, and it appears from the brief of appellants that the undertaking required thereby was timely filed.

The defendants make but one exception, wherein they charge Judge Griffith with error in refusing to set aside the temporary injunction issued by Judge Eatmon, upon the ground that no bond or undertaking was required of the plaintiff.

It is indeed quite clear that the order of Judge Eatmon, in so far as it failed to require an undertaking, pursuant to Section 570, was inadvertently erroneous. Nevertheless the failure to require an undertaking is not a *jurisdictional defect.*

The law is so definitely and clearly stated in the case of *Ex parte Jones,* 160 S. C. 63, 158 S. E. 134, 140, 77 A. L. R. 235, wherein the opinion was delivered by the distinguished Acting Associate Justice Mendel L. Smith, that we quote therefrom at length as follows: ."While the language of section 486 (now 570) of the Code, applicable only to the granting of a temporary injunction, is plain and mandatory, and the court should require a bond (*Smith v. Smith,* 51 S. C. 379, 29 S. E. 227) upon granting such injunction, yet it has been determined that the failure of the court to require the undertaking is not a jurisdictional defect (*Watson v. Citizens' Sav. Bank,* 5 S. C. [159] 177; *Smith v. Smith, supra*); that the undertaking may be filed after the granting of the injunction (*Meinhard v. Strickland,* 29 S. C. 491, 7 S. E. 838); that the judge or court may, upon motion, so amend the order of injunction as to require execution of a sufficient undertaking (*State ex rel. Bates v. County Com'rs,* 96 S. C. 29, 79 S. E. 522), and, even where the undertaking filed affords insufficient protection, the remedy is by timely application for its increase (*Pee Dee River Lumber Company v. Fountain,* 90 S. C. 122, 72 S. E. 885)."

In the case of *Ex parte Zeigler,* 83 S. C. 78, 64 S. E. 513, 514, 516, 21 L. R. A., N. S., 1005, the plaintiffs appealed to the Supreme Court from an order granting a preliminary injunction; and the Court held (opinion by Mr. Justice Woods) that there was no error in granting the injunction, but that there "was error, however, in not requiring the usual injunction undertaking"; and consequently the judgment of the circuit Court was modified so as to require the filing of a proper written undertaking.

Reference should also be made to the case of *State ex rel. Bates v. County Commissioners,* 96 S. C. 29, 79 S. E. 522. This was really not a Supreme Court case, but was an order of Mr. Justice Fraser, amending a previous order of temporary injunction, issued by him, wherein he inadvertently failed to require the usual injunction undertaking. Hence, the reported order provided for the issuance of such an undertaking in a specified sum "for the payment of such damages as the respondents may sustain, not exceeding said sum, by reason of the temporary injunction heretofore granted in this cause, should the court finally determine that the petitioners are not entitled to injunction."

No reference is made in Judge Griffith's order to the erroneous omission from the former order of the requirement of an injunction undertaking, and that order is inaccurately described as a "temporary restraining order". However, as clearly appears from the two cases last above cited, there was substantial compliance in the order of Judge Griffith with the corrective practice indicated by these two cases.

Accordingly, with this explanation, we are of opinion that the order of Judge Griffith, from which this appeal is taken, should be affirmed, and it is so ordered.

OXNER, J., and L. D. LIDE, A. A. J., concur.

BAKER, C. J., and STUKES, J., not participating.