18087

Edna Earl SMITH, Respondent, v. Alver L. SMITH,
Appellant

(131 S. E. (2d) 692)

**518**

*Messrs. Smoak & Cormany,* of Aiken, *for Appellant,* 

*Messrs. Williams & Johnson,* of Aiken, *for Respondent,*

July 1, 1963.

BRAILSFORD, Associate Justice.

This action for divorce was referred to the Master of Aiken County, who recommended that the plaintiff wife be awarded a divorce upon the ground of physical cruelty; that the wife be awarded custody of the children, and that the defendant husband be required to pay to the wife for the support of three minor, dependent children the sum of Thirty ($30.00) Dollars per week, and that he be required to pay One Hundred Fifty ($150.00) Dollars to the wife's attorneys. The only exceptions to the report challenged the amounts allowed as support and attorney's fee upon the ground that the testimony showed that the husband was unable to pay so much. The Circuit Court affirmed the finding and recommendation of the Master as to support payments and found it unnecessary to consider the exception as to attorney's fee because "plaintiff's attorneys have agreed to accept One Hundred ($100.00) Dollars * * *, and this amount is reasonable."

The husband has appealed to this Court on one exception, as follows:

"The Court erred in finding that the Appellant should pay to the Respondent the sum of Thirty ($30.00) Dollars each week for the support of the children and the sum of One Hundred ($100.00) Dollars to Respondent's attorneys as

attorney's fees, such finding being without evidentiary support and against the clear preponderance of the evidence."

The point argued in the brief is that the husband does not have sufficient income to pay the amounts awarded. It is doubtful that this point is fairly raised by the general language of the exception. However, we have carefully considered the entire record and are convinced that the judgment should be affirmed.

The husband is, and for a number of years has been, self employed as a salvage collector and dealer. The wife's testimony is reasonably susceptible of the inference that at the time of the separation of the parties the husband was making in excess of $100.00 per week. She and some of the children testified that he was accustomed to carrying large sums of money on his person. On the other hand, the record contains no understandable testimony by the husband as to his business income and expense. The Master was not bound to accept his estimate, made during his cross examination, that at the time of the reference he was "actually clearing" only $35.00 to $38.00 per week.

In an equity case the factual findings of a master, concurred in by a circuit judge, will not be reversed on appeal unless they are against the clear weight of the evidence. The record does not justify a conclusion that such is the case here.

Furthermore, counsel has argued the appeal as though the required payments must be reduced, else the husband will surely be incarcerated for contempt. The decision in *Messervy v. Messervy*, 85 S. C. 189, 67 S. E. 130, 30 L. R. A., N. S., 1001, shows that attachment for contempt is not inevitable if the husband is in fact incapable of meeting the terms of the order.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.